763 So.2d 359 (1998)
John J. PALMA, Petitioner,
v.
Ken JENNE, Sheriff of Broward County, Florida, Respondent.
No. 98-2020.
District Court of Appeal of Florida, Fourth District.
July 10, 1998.
John J. Palma, Pompano Beach, pro se.
Elizabeth J. Bardfeld, Fort Lauderdale, for Respondent State of Florida, Support Enforcement Division.
PER CURIAM.
Petitioner seeks habeas corpus relief from an incarceration order. The order directing petitioner's incarceration is defective on its face because it fails to contain an affirmative finding by the trial court that petitioner possessed the present ability to pay the purge amount. Mroz v. McCampbell, 699 So.2d 1392 (Fla. 4th DCA 1997); Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997); Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
We recognize our holding in Atlas v. Atlas, 708 So.2d 296 (Fla. 4th DCA 1998) but find it distinguishable because there was a record to support a finding of the petitioner's ability to pay the purge. Additionally, we noted that Mr. Atlas' failure to present evidence of his inability to pay the purge combined with his invocation of the Fifth Amendment permitted the trial court to have drawn an inference to further support a finding of ability to pay the purge. In this case there is no finding that petitioner had the ability to pay the purge amount such that civil contempt based incarceration order can stand.
We grant the petitioner's petition for writ of habeas corpus and order his immediate release from incarceration without prejudice to the trial court, upon compliance with Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997), to again place the petitioner in detention. As in Mroz, no motion for rehearing will be entertained *360 by this court, and the clerk is directed to issue mandate immediately.
HABEAS CORPUS GRANTED.
DELL and KLEIN, JJ., concur.
FARMER, J., dissents without opinion.