PER CURIAM.
Petitioner seeks habeas corpus relief from an in custody review order dated March 2, 2001, remanding him to the Bro-ward County jail until he pays the purge amount of $1,200 in child support. He contends that after his arrest in February, which was based on his non-compliance with a prior purge order, there was no determination of his present ability to pay the purge amount.
The state filed a response arguing that the determination of Petitioner’s ability to pay the purge amount was made in a prior order dated November 16, 2000, a copy of which it attached, ordering Petitioner to pay by December 16, 2000, which included the finding that Petitioner “agrees he can pay this.” The state also supplied an order dated March 13, 2001, nunc pro tunc to March 2, 2001, which amended the March *525 2 order to include a statement which the state characterizes as a finding of Petitioner’s present ability to pay: “Resp. [Petitioner herein] testified that he was working since December and out of custody for 3 months but made no attempt to pay any support.”
Florida Family Law Rule of Procedure 12.615 provides for civil contempt in support matters. See Fla. Fam. L.R.P. 12.615(a). The rule provides the following with respect to the purge requirement:
(e) Purge. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor’s present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding. The court may grant the contemnor a reasonable time to comply with the purge conditions. If the court orders incarceration but defers incarceration for more than 48 hours to allow the contemnor a reasonable time to comply with the purge conditions, and the contemnor fails to comply within the time provided, the movant shall file an affidavit of noncompliance with the court. If payment is being made through the Central Government Depository, a certificate from the depository shall be attached to the affidavit. The court then may issue a writ of bodily attachment. Upon incarceration, the contemnor must be brought before the court within 48 hours for a determination ofivhether the contemnor continues to have the present ability to pay the purge.
Fla. Fam. L.R.P. 12.615(e) (emphasis added).
Petitioner has not provided this court with a transcript of either the magistrate hearing held on February 28, 2001, the day after his arrest, or the in custody review hearing held on March 2. We therefore cannot review whatever evidence may have been presented on the question of Petitioner’s ability to pay the purge. The March 13 order — which reflects only that Petitioner testified that he had been working since December but had made no attempt to pay any child support — suggests that the court may have made the determination required by the rule. However, the order does not include an “affirmative finding” that Petitioner “continues to have the present ability to pay the purge amount.”
Therefore, we deny the petition at this time. We do not order Petitioner’s immediate release because the rule permits incarceration after a deferred payment order pending an updated determination of the contemnor’s ability to pay. We direct the trial court forthwith to issue a new order that includes a specific finding regarding Petitioner’s present ability to pay the purge amount and a factual basis for any such finding. If necessary, the court may hold another hearing to consider Petitioner’s ability to pay before making such determination; if it does so, it must do so immediately, and if it cannot, then it must release Petitioner pending such hearing.
Obviously, if the trial court determines that Petitioner does not have the present ability to purge himself of the contempt, then it must release him immediately upon making that finding. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985); Pompey v. Cochran, 685 So.2d 1007, 1013 (Fla. 4th DCA 1997); Palma v. Jenne, 763 So.2d 359, 359 (Fla. 4th DCA 1998).
STONE, STEVENSON and GROSS, JJ., concur.