899 So.2d 490 (2005)
Frank COCHRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5531.
District Court of Appeal of Florida, Second District.
April 15, 2005.
*491 Frank Cochran, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Frank Cochran appeals the trial court's order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the State filed an information against Mr. Cochran in 1975 that did not take recent statutory amendments into account, he was actually charged with a robbery that was a second-degree felony. The State and the trial court both erroneously assumed that Mr. Cochran had been charged with an offense permitting a life sentence. As a result, he was sentenced to life in prison. We now conclude, and the State agrees, that although Mr. Cochran could have received a life sentence in 1975 if he had been properly charged, he was not so charged. As charged, he could have been sentenced in 1975 to no more than fifteen years' imprisonment for the robbery. Accordingly, we reverse the order on appeal and instruct the trial court to take immediate steps to resentence Mr. Cochran, as it appears that he may be entitled to be released from prison at this time.
On July 18, 1975, Mr. Cochran robbed a man and took his drugs. During the robbery, he carried a firearm. As a result, the State filed a two-count information against him. Count I alleged that he committed robbery; count II alleged that he engaged in a criminal offense while having a firearm. At the top of the information, the State identified the relevant statutes as "FS 813.011" and "FS 790.07."
On November 6, 1975, a jury found Mr. Cochran guilty of both robbery and engaging in an offense while carrying a weapon. The trial court entered judgment on the verdict, convicting Mr. Cochran of both offenses. The judgment does not reflect the degrees of the two offenses, but it is obvious that the trial court thought that the robbery was a first-degree felony punishable by life and that the second offense was a second-degree felony because the weapon was a firearm. As was a common practice in those days, the trial court sentenced Mr. Cochran to life imprisonment for the robbery and imposed "no sentence" for the second crime because it "arose out of" the robbery. See §§ 813.011, 790.07(2), Fla. Stat. (1973). Mr. Cochran challenged the robbery sentence with his motion pursuant to rule 3.800(a).
A year before Mr. Cochran committed this robbery, the legislature passed a major revision of criminal law and created the Florida Criminal Code. See ch. 74-383, Laws of Fla. The revisions became effective on July 1, 1975, a few days before Mr. Cochran committed his offense. Prior to the revisions, chapter 813 addressed robbery and it contained one short statute that made all robberies punishable by life in prison. See § 813.011, Fla. Stat. (1973). This is the offense that was incorrectly identified in the information filed against Mr. Cochran.
Section 38 of chapter 74-383, Laws of Florida, moved the robbery statute from section 813.011 to section 811.011. In addition to moving the robbery statute, section 38 of chapter 74-383, also substantially *492 reworded the statute. Unfortunately, the drafters of section 38 used the typical methods to strike the old text and add the new text in the title of section 813.011, but not in the body of this statute, when publishing these revisions. Thus, a reader of the Laws of Florida for 1974 could overlook the substantive changes in the robbery statute. To make matters more confusing, the Division of Statutory Revision changed the section number for robbery from section 811.011 to section 812.13 when it published the 1974 Supplement to Florida Statutes 1973. As a result, these revisions to the robbery statute were not well understood when they first became effective.
The revisions divided robbery into three different degree offenses. After July 1, 1975, simple robbery was a second-degree felony punishable by a term of fifteen years' imprisonment. In order to allege one of the two higher degrees of robbery, the State was required to include an allegation within the count charging robbery, stating that the defendant carried either a deadly weapon, including a firearm, or a weapon during the robbery. Because the State tracked the language of the old offense, under the new, applicable statute, it charged Mr. Cochran with only a second-degree felony. See Sanders v. State, 386 So.2d 256, 257 (Fla. 5th DCA 1980) (holding that "[s]ince the indictment did not charge that appellant was armed with either a firearm, a deadly weapon or a weapon, he could only be found guilty of a second-degree felony under Section 812.13, Florida Statutes (Supp.1974)").
One might think that the allegations in count II, alleging the separate second-degree felony of engaging in an offense while armed, might be sufficient to transform count I from a second-degree felony to a felony punishable by life in prison. However, the case law does not allow such intermingling of criminal allegations. See Helmick v. State, 569 So.2d 869, 870 (Fla. 2d DCA 1990) (holding that it is fundamental error to enhance a conviction for the use of a firearm when the count of the information charging the offense does not allege the use of a firearm, even though another count of the same information charging a different offense alleges the use of a firearm in the same criminal episode); Colwell v. State, 448 So.2d 540, 541 (Fla. 5th DCA 1984) (holding that "[e]ach count of an information stands on its own, is the only vehicle by which the court obtains its jurisdiction, and is a limit upon that jurisdiction").
Because Mr. Cochran is benefitting from this rather technical pleading error, one might also think that the State could be relieved from the "no sentence" imposed on count II. As a practical matter, even if the sentence for that second-degree felony had been run consecutively to robbery as a second-degree felony when Mr. Cochran was sentenced in 1975, he could have received no more than thirty years in prison and might be eligible for release at this time.[1] As a legal matter, it is clear that Mr. Cochran cannot receive a new, longer sentence on count II when the trial court corrects the illegal sentence for robbery on remand. Once a firearms conviction was "merged" in this fashion under these older statutes, a trial court could not reimpose a longer sentence when correcting an error in the other sentence. See *493 Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984).
Accordingly, we reverse the trial court's order denying correction of the illegal sentence. On remand, the trial court should take immediate steps to resentence Mr. Cochran and notify the Department of Corrections of the change. If the new sentence permits Mr. Cochran's immediate release, he does not need to be present for sentencing. To facilitate Mr. Cochran's release, this court will issue mandate on April 22, 2005, unless the State files a motion for rehearing on or before April 21, 2005.
Reversed.
STRINGER and CASANUEVA, JJ., Concur.
NOTES
[1] The parties have not discussed the effect of other sentences for unrelated crimes or the impact of time that Mr. Cochran has spent released from prison on parole. The Department of Corrections website suggests that Mr. Cochran has three other convictions and that he has spent about fifteen years on parole since 1975. We cannot rely on this information in making our decision because it is not in our record.