PER CURIAM.
Petitioner Christopher Bargiel filed this emergency petition for extraordinary writ challenging his incarceration in Broward County Jail for post-judgment civil contempt of court. We treated the petition as one for habeas corpus and granted it by order, stating that an opinion would follow.
Briefly stated, petitioner Bargiel is president and sole stockholder of Bargieleer Corporation, defendant in a lawsuit brought in Broward Circuit Court in 2004 by respondent Colt Studio, Inc. Colt Studio sought enforcement of a federal court judgment entered against Bargieleer Corporation for copyright infringement. The trial court appointed a receiver, who moved for contempt against petitioner for failure to provide certain records sought by the receiver. After an evidentiary hearing, the trial court orally directed production of the records but made no finding of contempt. When petitioner failed to produce the records, the trial court entered a written order finding him in contempt of court. The order directed Bar-giel to purge the contempt by producing the records and to pay the receiver a “purge amount in the sum of $10,000.” This order, dated January 5, 2005, is the first of three orders challenged by this petition.
The trial court subsequently conducted another evidentiary hearing on the contempt motion, which resulted in the second order of contempt, dated February 1, 2005. In this order, the trial court directed that petitioner be jailed until hard copy books and records of Bargieleer Corporation were provided to the receiver, with costs and fees to be paid to the receiver as well. The order provided that the actual amount of those costs and fees would be supplied to the court and counsel for the defendant within seventy-two hours.
In the February 3, 2005 amended order of contempt, the trial court directed that petitioner be remanded to the custody of the sheriffs office forthwith,, but could purge the contempt by providing the subject records to the receiver. This order further directed petitioner to pay certain amounts to reimburse the receiver for his fees and expert witness fees and costs.
We granted this petition for writ of habeas corpus on several grounds. First, the receiver, who was the movant for contempt of court against petitioner, did not *317 give sworn testimony at the contempt proceedings. He was a critical witness for the contempt. Petitioner was entitled to an evidentiary hearing at which the witnesses were sworn and any other evidence presented was duly verified. See generally Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985).
In addition, the second order of contempt called for payment of costs and fees as part of the purge provision, without a finding on petitioner’s ability to pay the purge. The trial judge entered the February 1, 2005 order without even allowing petitioner to challenge the claimed amount of receiver’s fees and costs or setting the dollar amount for them. These omissions violated the requirements of civil contempt proceedings. See generally Bowen, 471 So.2d 1274; see also Palma v. Jenne, 763 So.2d 359, 359 (Fla. 4th DCA 1998); Pompey v. Cochran, 685 So.2d 1007, 1015 (Fla. 4th DCA 1997).
Further, we find that the provision in the contempt order on receiver’s fees and costs was not based on evidence of an actual loss by a party in the proceedings. See Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991), overruled on other grounds, Parisi v. Broward County, 769 So.2d 359 (Fla.2000). No hearing was conducted as to these monetary provisions and petitioner had no opportunity to even contest the amounts finally designated.
Petitioner argues that on remand the trial court should consider at a proper evidentiary hearing whether he is liable to pay the costs and fees ordered, given his contention that Colt Studio should pay them as it was the party that sought the receivership in the first place. Indeed, petitioner points to an earlier order awarding the receiver fees and providing that Colt Studio should pay any additional costs. We leave this to the trial court’s further consideration on remand.
Finally, we grant habeas relief because the trial court failed to make a finding in any of the contempt orders that petitioner had the ability to comply with earlier discovery orders. In fact, petitioner has argued that he was not given an opportunity to provide the hard copy documents the court ordered on February 1, 2005 because the court also ordered his incarceration at the same time. We said in Miller v. Miller, 891 So.2d 1201, 1201 (Fla. 4th DCA 2005), “In a civil contempt proceeding, the trial court cannot incarcerate, even if only coercively, without providing the contemnor the opportunity to prove his inability to comply.” It is also settled that a trial court must afford a contemnor the opportunity to comply to ensure that he has the “key to his cell.” Bowen, 471 So.2d at 1277.
For all of these reasons, we grant the petition for habeas corpus.
WARNER, STEVENSON and GROSS, JJ., concur.