995 So.2d 1178 (2008)
David W. GRIFFIN, Petitioner,
v.
Walter A. McNEIL, in his official capacity as the Secretary of the Florida Department of Corrections, and the State of Florida, Respondents.
No. 4D08-4292.
District Court of Appeal of Florida, Fourth District.
December 15, 2008.
*1179 Bryan S. Gowdy of Mills Creed & Gowdy, P.A., Jacksonville, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for respondent State of Florida.
PER CURIAM.
In 1975, David Griffin was convicted of robbery and sentenced to life in prison. Griffin committed his offense on August 15, 1975, just six weeks after an amendment to the robbery statute divided robbery into two separate offenses. Ch. 74-383, § 38, Laws of Fla. (effective July 1, 1975). Under the amendment, a robbery with a firearm or deadly weapon could be punished by life imprisonment, but a robbery without a firearm or weapon constituted a second-degree felony, punishable by fifteen years in prison. § 812.13(2), Fla. Stat. (1975). Although the facts presented showed that Griffin and his co-defendant carried and used firearms, a firearm element was not charged in the information or expressly found by the jury's verdict. Despite this, Griffin was sentenced to life in prison. He brings this petition for writ of habeas corpus claiming his right to immediate release, because he was convicted for a crime not charged in the information, and he has already served well beyond the fifteen-year maximum punishment.
The state concedes the facts and acknowledges that "[e]very other district has held that where use of a firearm or deadly weapon is not charged as an element of the offense, then the offense is limited to the terms charged, and the defendant may only be sentenced for simple robbery. See Cochran v. State, 899 So.2d 490 (Fla. 2d DCA 2005); Sanders v. State, 386 So.2d 256 (Fla. 5th DCA 1980); Skinner v. State, 366 So.2d 486 (Fla. 3d DCA 1979); Chapola v. State, 347 So.2d 762 (Fla. 1st DCA 1977)." In fact, Cochran is directly on point and provided relief under nearly identical circumstances.
Based upon the state's concessions and controlling law, we grant the petition and direct that petitioner be released immediately. Because the state has not opposed this petition, a motion for rehearing shall not be entertained, and the mandate shall issue immediately. See, e.g., Palma v. Jenne, 763 So.2d 359, 360 (Fla. 4th DCA 1998).
GROSS, C.J., WARNER and SHAHOOD, JJ., concur.