[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12512
Non-Argument Calendar

_____

D.C. Docket Nos. 6:16-cv-01029-GKS-GJK,
6:93-cr-00047-GKS-GJK-1

WILLIE ROBERTSON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

In July 1993, a jury found Willie Robertson, Jr., guilty of being in

possession of a sawed-off shotgun after having been convicted of a felony, in

violation of 924(g)(1), and of possession of two, unregistered sawed-off shotguns, one without a serial number, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The District Court, finding that, under this Court's precedent, Robertson's 1975 Florida robbery conviction, a violation of Fla. Stat. § 811.011, qualified as a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA"), sentenced Robertson as a career offender, imposing prison sentences totaling 300 months.[1]  He appealed his convictions and sentences, and we summarily affirmed.  *United States v. Robertson,* 55 F.3d 635 (Table) (11th Cir. 1995).

On June 13, 2016, Robertson moved the District Court to vacate his sentences pursuant to 28 U.S.C. § 2255 on the ground that his 1975 Florida robbery conviction no longer qualified as a violent felony under the ACCA following the United States Supreme Court's decision in *Johnson v. United States,* ___ U.S. ____, 135 S. Ct. 2551 (2015), because, in theory, the crime could be committed with non-violent force.  The District Court disagreed and denied Robertson's motion.  He filed a notice of appeal, and we granted a certificate of appealability ("COA") on the issue of whether the District Court erred in

---

[1] When Robertson was convicted, Florida law defined robbery as: "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear."  *See* Fla. Stat. § 812.13(1) (1975).  Section 812.13 was the same as Fla. Stat. § 811.011.  *See Cochran v. State*, 899 So. 2d 490, 492 (Fla. Dist. Ct. App. 2005) (stating that § 811.011 was changed to § 812.13 when it was published by the Florida Division of Statutory Revision).

dismissing Robertson's motion on the ground that his 1975 Florida robbery conviction qualified as a violent felony under the elements clause of the ACCA.[2]

The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.[3]  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  But we may *sua sponte* expand the COA.  *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016).  In a post-conviction case, the district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted.  *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010).  A COA is not required for "the defense of a judgment on alternative grounds." *Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015).  And, regardless of the ground stated in the district court's order or judgment, we may affirm on any ground supported by the record.  *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

---

[2] We *sua sponte* expand the COA to pose the issue as whether, under *Beeman v. United States,* 871 F.3d 1215 (11th Cir. 2017), Robertson has carried his burden of proving from the record of his sentencing proceedings that it was more likely than not that the District Court found that his 1975 Florida robbery conviction was a violent felony under the ACCA's residual clause. As we conclude *infra,* the sentencing record does not enable Robertson to prove the point.

[3] When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and findings of fact for clear error. *Jeffries v. United States*, 748 F.3d 1310, 1313 (11th Cir. 2014).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  On June 26, 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.  *Johnson v. United States*, 135 S. Ct. 2551, 2557-58, 2563 (2015).  Thus, under *Johnson*, a defendant's sentence cannot be enhanced using the residual clause because the residual clause is unconstitutionally vague.  *Id.* at 2563. Thereafter, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016).

We recently explained that a *Johnson* claim argues that the defendant was sentenced as an armed career criminal under the residual clause.  *Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017).  In *Beeman,* we held that a § 2255

4

movant must prove that it was "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement. *Id.* at 1221-22. In doing so, we rejected the movant's premise that a *Johnson* movant had met his burden unless the record affirmatively showed that the district court relied upon the ACCA's elements clause. *Id.* at 1223. We stated that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause. *Id.* at 1224 n.4. As examples, we stated that a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. *Id.* Further, we stated that a record may contain sufficient circumstantial evidence, such as unobjected-to PSI statements recommending that the enumerated-offenses and elements clauses did not apply or concessions made by the prosecutor that those two clauses did not apply. *Id.* We clarified, however, that the relevant issue is one of historical fact—whether at the time of sentencing the defendant was sentenced solely under the residual clause. *Id.* at 1224 n.5. Accordingly, we noted that precedent issuing after sentencing "casts very little light, if any, on the key question" of whether the defendant was, in fact, sentenced under the residual clause only. *Id.*

As to the movant in *Beeman*, we rejected the District Court's dismissal of the § 2255 motion as untimely because the movant timely raised a *Johnson* claim.

*Id.* at 1221. But we addressed the merits of the *Johnson* claim, even though the District Court did not, because we may affirm on any ground supported by the record, the record was clear that the movant could not meet his burden, and the movant had not requested a remand for an evidentiary hearing and agreed to proceed on the record as it was. *Id.* As nothing in the record showed that the sentencing court relied on the residual clause, rather than the elements clause, and the movant cited no precedent from the time of sentencing showing that his conviction qualified as a violent felony only under the residual clause, we concluded that the movant could not carry his burden. *Id.* at 1224-25.

As it was in *Beeman,* it is clear from the record before the District Court at sentencing in this case that Robertson cannot prove that it was more likely than not that his sentences were enhanced solely under the ACCA's residual clause. The record is entirely silent as to the issue. Neither the presentence report nor the District Court at sentencing explained or indicated in any way whether the ACCA enhancement applied because the 1975 Florida robbery conviction was a violent felony under the elements clause or the residual clause.[4] The District Court's judgment is therefore

**AFFIRMED.**

---

[4] Robertson has not asked us to remand the case to the District Court for an evidentiary hearing on the residual clause issue, so that he could question the District Judge on whether he found the robbery conviction a violent felony under that clause.