835 So.2d 1181 (2002)
Salvatore J. ALTIERI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-925.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
*1182 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, Laura Fisher Zibara and Marrett W. Hanna, Assistant Attorneys General, West Palm Beach, for appellee.
DELL, JOHN W., Senior Judge.
Salvatore Altieri appeals his conviction and sentence for aggravated assault with a deadly weapon. We affirm his conviction. We reverse the trial court's imposition of a twenty year mandatory minimum sentence for discharging a firearm during the offense. We remand for re-sentencing.
On July 26, 1999, the victims were traveling north on 1-95 when the driver of a white taxicab, later identified as appellant, fired two or three shots at their car. The driver of the victim's car testified that he sped into a rest area to escape from appellant. He lost control of the car and crashed into a tree. The occupants of the car and appellant called the police and both claimed to be the victim of an incident occurring on 1-95. Appellant testified that the victims were the aggressors and that the shots he fired were fired into the air as warning shots. The jury found appellant guilty of aggravated assault with a deadly weapon and also found that he discharged the firearm during the offense. The trial court sentenced appellant to a mandatory minimum term of twenty years imprisonment for the aggravated assault based on the discharge of the firearm, pursuant to 775.087(2)(a)(2), Florida Statutes (1999).
Appellant contends that the trial court erred when it imposed a twenty year mandatory minimum sentence because the information did not charge that during the commission of the aggravated assault, he discharged a firearm. Appellant also contends that the trial court should have granted a new trial based on the prosecutor's improper comments during closing argument and that the trial court erred when it refused to give a jury instruction on justifiable use of non-deadly force.
We agree with appellant that the trial court erred when it imposed a mandatory minimum twenty year sentence. The state alleged in the information that on:
July 26, 1999 Salvatore J. Altieri did intentionally and unlawfully threaten[ed] by word or act to do violence to the person of Jose Desravines, having the apparent ability to do so, and did an act which created a well-founded fear in Jose Desravines that such violence was about to take place, and in the process thereof used a deadly weapon, to-wit: a firearm, in violation of Florida Statute 784.021(1)(a).
(Emphasis added.) The jury found appellant "Guilty of Aggravated Assault with a Deadly Weapon, as charged in the Information." The jury also found that the deadly weapon was a firearm when they responded "yes" to the question, "If you find the Defendant Guilty of Aggravated Assault with a Deadly Weapon and you find that the Deadly Weapon was a firearm, did the Defendant Discharge the Firearm?" The trial court sentenced appellant pursuant to section 775.087(2)(a)(2), Florida Statutes (1999), which provides:

*1183 Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a `firearm' or `destructive device' ... shall be sentenced to a minimum term of imprisonment of 20 years.
§ 775.087(2)(a)(2), Fla. Stat. (1999). Aggravated assault is one of the enumerated felonies included in § 775.087(2)(a)(1)(f), Florida Statutes (1999).
Appellant cites Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999), in support of his argument that his twenty year mandatory minimum sentence must be reversed. In Bryant, the information charged the defendant with attempted first-degree murder in count I and for shooting into an occupied building in count II. In count I, attempted first-degree murder, the information "did not allege that the offense was committed with a firearm." Id. at 1226. The defendant was found guilty of the lesser-included charge of attempted second-degree murder (count I) and of shooting into an occupied building (count II). By special verdict, the jury found that the defendant used a firearm in the commission of the attempted second-degree murder. He was sentenced on each count to a mandatory minimum sentence of three years pursuant to section 775.087(2), Florida Statutes (1997).
This court held in Bryant that the imposition of a three year mandatory minimum sentence for his conviction of attempted second-degree murder constituted fundamental error and reversed and remanded the case for re-sentencing:
We have held that `[i]n order for a three year mandatory minimum to apply on a conviction pursuant to section 775.087(2), the state must allege in the information and prove at trial that the defendant possessed a `firearm' or `destructive device' during the commission of the crime.' No such firearm allegation or reference to section 775.087(2) was made in the information to put appellant on notice that he was being charged in Count I [attempted first-degree murder] `with the use of a firearm' and faced potential imposition of a three-year mandatory minimum sentence.
Id. at 1226 (citations omitted). In Bryant, the court also stated:
Although Count II charged appellant with shooting into an occupied building, the state cannot use allegations of use of a firearm in another count of the information to support imposition of the mandatory minimum term on Count I.
Id.
Here, the information contained an allegation that appellant "used a deadly weapon, to wit: a firearm" but it did not contain an allegation that appellant discharged a firearm or destructive device. We are not persuaded by the state's argument that the allegation that "in the process thereof used a deadly weapon, to wit: a firearm," was sufficient to place appellant on notice that he was being charged with discharging a firearm during the course of the aggravated assault. The term "used" a firearm does not necessarily mean that a person "discharged" a firearm because a person may use a firearm without discharging it. Section 775.087(2)(a)(2) applies when a person discharges the firearm or destructive device.
The absence of any allegation in the information that appellant "discharged" a firearm during the aggravated assault deprived him of notice that he was subject to a mandatory minimum of twenty years. The jury's finding that he discharged a firearm during the course of the aggravated assault did not cure the defect in the information. We, therefore, reverse *1184 the mandatory minimum twenty year sentence imposed by the trial court for the discharge of a firearm. See Bryant, 744 So.2d at 1225; see also Gibbs v. State, 623 So.2d 551, 555 (Fla. 4th DCA 1993).
Because we must remand this case for re-sentencing, we will discuss appellant's argument that because the information does not contain an express allegation that he "actually possessed" a firearm during the commission of the aggravated battery, the trial court cannot impose a three-year mandatory minimum sentence for possession of a firearm. Section 775.087(2)(a)(1), Florida Statutes (1999), provides in part "that a person who is convicted for aggravated assault ... shall be sentenced to a minimum term of imprisonment of three years if such person possessed a `firearm' or `destructive device' during the commission of the offense." Here, the information charged that "in the process thereof [the aggravated assault] [appellant] used a deadly weapon, to wit: a firearm." Appellant argues that Bryant requires that the state "must allege in the information and prove at trial that the defendant possessed a `firearm' or `destructive device' during the commission of the crime."
Neither party has cited a case that addresses the specific question of whether an information that contains an allegation that a person "used" a firearm during the commission of an aggravated assault is sufficient to support the imposition of a three-year mandatory minimum sentence as provided in 775.087(2)(a)(1). This court noted in Bryant, that State v. Overfelt, 457 So.2d 1385 (Fla.1984), and its progeny "addressed the requirement that a jury specifically find that the defendant committed the crime while using a firearm, either by finding the defendant guilty of a crime which involved a firearm or by a special verdict form indicating use of a firearm. They did not answer the question of whether there needed to be an allegation in the charging document that the defendant possessed a firearm during the commission of the crime." Id. at 1226-27.
In Bryant and Gibbs, neither information contained any allegation as to whether the subject offense was committed with a firearm. In both cases, this court held that "[i]n order for a three year mandatory minimum to apply on a conviction pursuant to section 775.087(2), the state must allege in the information and prove at trial that the defendant possessed a `firearm' or `destructive device' during the commission of the crime. See Peck v. State, 425 So.2d 664, 665 (Fla. 2d DCA 1983)." Gibbs, 623 So.2d at 555. We conclude that the imposition of a three year mandatory minimum sentence in this case is consistent with Bryant and Gibbs because the information contains an allegation that the appellant "used a deadly weapon, to wit: a firearm," during the commission of the aggravated assault. We find support for this conclusion in Bryant because this Court stated "... [n]o such firearm allegation or reference to section 775.087(2) was made in the information to put appellant on notice that he was being charged in Count I `with use of a firearm' and faced potential imposition of a three year mandatory minimum sentence." (Emphasis added.) Bryant, 744 So.2d at 1226. It is also apparent from several of the cases that have considered the application of the three year mandatory minimum sentence for possession of a firearm during an enumerated offense that "possession of a firearm" and "use of a firearm" have been used in the same context. See Overfelt, 457 So.2d at 1385; Bryant, 744 So.2d at 1225; Gibbs, 623 So.2d at 551; Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994).
In Bass v. State, 739 So.2d 1243 (Fla. 5th DCA 1999), the Fifth District affirmed the imposition of a three year mandatory *1185 minimum sentence for aggravated assault. The court stated:
However, the jury verdict found defendant guilty of aggravated assault `as charged in the information.' The information, in each count, charged defendant with committing the crime `with a firearm, `a deadly weapon. For imposition of the mandatory minimum sentence, it was sufficient the verdict referred to the information where the information contained a charge of a crime committed with the use of a firearm. State v. Hargrove, 694 So.2d 729, 731 (Fla.1997). There was no error here.
Id. at 1246. (Emphasis added.)
Here, as in Bass, the information charged that appellant used a firearm during the commission of the aggravated assault and the jury found him guilty of aggravated assault with a deadly weapon. For the reasons discussed, we hold that the state's allegation that appellant "used a deadly weapon, to wit: a firearm" was sufficient to place him on notice that he was subject to a three year mandatory minimum sentence for possession of a firearm, pursuant to section 775.087(2)(a)(1).
Next, we hold that the prosecutor's comments during closing argument did not constitute reversible error. We have considered the comments raised by appellant in light of the evidence adduced at trial and in the context of the prosecutor's entire argument and hold that the comments did not reach the level of prejudice that would require a new trial. See Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984). We also hold that the trial court did not abuse its discretion when it failed to give an instruction on justifiable use of non-deadly force. See Miller v. State, 613 So.2d 530, 531 (Fla. 3d DCA 1993).[1]
Accordingly, we affirm appellant's conviction. We reverse the trial court's imposition of a twenty year mandatory minimum sentence for discharging a firearm and we remand this cause to the trial court to re-sentence appellant as provided in section 775.087(2)(a)(1), Florida Statutes (1999).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] We have addressed the issues concerning prosecutorial misconduct and the trial court's failure to give an instruction on justifiable use of non-deadly force, notwithstanding the appellant's conditional abandonment of these issues. Appellant states in his brief that "appellant asks that, if this court concludes that it was error to sentence him to a twenty year mandatory minimum because the state did not allege that he discharged a firearm, it affirm his conviction."