PER CURIAM.
Herman E. Dukes presents a timely claim of ineffective assistance of appellate counsel. He asserts that his appellate counsel erred by failing to argue, as trial counsel did, that the imposition of a minimum sentence of 25 years’ imprisonment pursuant to section 775.087(2)(a)3., Florida Statutes (1999), was unlawful because the information failed to allege that his discharge of a firearm or destructive device during the course of the offense resulted in the infliction of great bodily harm or death. The state concedes that Dukes is entitled to relief on this claim, and we agree. See, e.g., Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA 1993); see also Jackson v. State, 852 So.2d 941 (Fla. 4th DCA 2003). Accordingly, the petition alleging ineffective assistance of appellate counsel is granted, the sentence imposed upon Dukes is vacated, and the matter is remanded to the trial court for resentencing.
PETITION GRANTED.
ERVIN, DAVIS and BROWNING, JJ., concur.