935 So.2d 1240 (2006)
Vincent B. DANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1286.
District Court of Appeal of Florida, Second District.
August 11, 2006.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Vincent B. Daniel appeals his judgment and sentence for attempted first-degree murder with a firearm. We affirm his conviction without discussion but reverse his minimum mandatory sentence imposed pursuant to the "10-20-Life" statute, section 775.087(2), Florida Statutes (2004).
*1241 On appeal, the State properly concedes that the trial court erred in imposing a twenty-five-year minimum mandatory sentence under section 775.087(2)(a)(3). The State charged in the amended information that Daniel committed attempted first-degree murder "by firearm" but did not allege that Daniel discharged a firearm or that death or great bodily harm resulted. The jury found Daniel guilty of attempted murder in the first degree and that Daniel "during the course of the crime, discharged a firearm that resulted in death or great bodily harm to a person." The trial court imposed a thirty-five year sentence with a minimum mandatory of twenty-five years.
In order to subject Daniel to a twenty-five-year minimum mandatory under section 775.087(2)(a)(3), the State must allege in the information that Daniel discharged the firearm and that death or great bodily harm resulted. See Adams v. State, 916 So.2d 36, 37 (Fla. 2d DCA 2005); Davis v. State, 884 So.2d 1058, 1060-61 (Fla. 2d DCA 2004), review denied, 900 So.2d 552 (Fla.2005); Rogers v. State, 875 So.2d 769, 771 (Fla. 2d DCA 2004); Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002). "Neither a jury finding nor inclusion of the appropriate statute number in the information can cure this fatal defect." Davis, 884 So.2d at 1061. Thus, we reverse Daniel's twenty-five-year minimum mandatory sentence imposed under section 775.087(2)(a)(3) and remand for resentencing.
The State contends that on remand the trial court can impose a ten-year minimum mandatory pursuant to section 775.087(2)(a)(1) for possession of a firearm during an enumerated felony. The State argues that the language of the amended information can by read to allege that Daniel possessed a firearm during the commission of the crime. In Altieri, the court determined that an allegation that the defendant "`used a deadly weapon, to wit: a firearm'" was sufficient to give the defendant notice that he was subject to a minimum mandatory for possession of a firearm under section 775.087(2)(a)(1). 835 So.2d at 1185.
Here, rather than alleging that Daniel "used" or "possessed" a firearm, the State alleged that Daniel "from a premeditated design to affect the death of EDMUND R. SANFORD JR., a human being, did attempt to kill the said EDMUND R. SANFORD JR. by FIREARM[.]" The language that Daniel "did attempt to kill" the victim "by firearm" means that he committed the crime "by using a firearm." In addition, no accomplices were charged with committing the crime with Daniel; therefore, if Daniel committed the crime "by firearm," then he necessarily possessed the firearm. Cf. Leath v. State, 805 So.2d 956, 957 (Fla. 2d DCA 2001) (reversing three-year minimum mandatory for possession of firearm when the information alleged that the firearm was in the co-defendant's possession). Furthermore, the jury, in finding that Daniel discharged a firearm, necessarily found that he possessed it. Thus, on remand, the trial court shall sentence Daniel to the ten-year minimum mandatory pursuant to section 775.087(2)(a)(1). Daniel need not be present for resentencing.
Affirmed in part, reversed in part, and remanded.
WHATLEY, J., and BLACK, ANTHONY K., Associate Judge, Concur.