*276
 
 WHATLEY, Judge.
 

 Leroy McKenzie appeals the postconviction court’s order summarily denying his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). McKenzie seeks correction of his life sentences for two convictions of attempted second-degree murder with a firearm, which he claims exceed the statutory maximum penalties. We agree and reverse.
 

 McKenzie was charged with two counts of attempted second-degree murder with a firearm and one count each of carrying a concealed weapon and shooting into an occupied building. In the initial information, the State charged McKenzie with the attempted murder of two victims by discharging a firearm and, as a result, inflicting great bodily harm on the victims. The State filed an amended information, again charging McKenzie with two counts of attempted second-degree murder with a firearm, one count of carrying a concealed weapon, and one count of shooting into an occupied building. However, the amended information failed to allege infliction of great bodily harm.
 

 McKenzie was tried and found guilty on all counts. The jury specifically found that McKenzie discharged a firearm during the course of the attempted murders and that, as a result of the discharge, great bodily harm was inflicted on the victims. McKenzie’s convictions for attempted second-degree murder were reclassified from second-degree felonies to first-degree felonies as a result of the firearm element, pursuant to section 775.087(1), Florida Statutes (2000). The trial court sentenced McKenzie to two terms of life in prison for the attempted murders, each with a twenty-five-year minimum mandatory term pursuant to section 775.087(2)(a)(3), five years in prison for carrying a concealed weapon, and fifteen years in prison for shooting into a building, all to run concurrently.
 

 This court ordered the State to respond to McKenzie’s claim that the trial 'court imposed illegal sentences beyond the statutory maximum term, and the State properly concedes that McKenzie’s life sentences exceed the statutory maximum penalty of thirty years’ incarceration for first-degree felonies.
 
 See
 
 § 775.082(3)(b). The State also properly concedes that the trial court could not legally impose twenty-five-year minimum mandatory terms. Although the jury found McKenzie guilty of two counts of attempted second-degree murder during the commission of which he discharged a firearm resulting in great bodily harm to the victims, the element of great bodily harm was not alleged in the amended information. A jury finding cannot cure this defect in the amended information.
 
 See Daniel v. State,
 
 935 So.2d 1240, 1241 (Fla. 2d DCA 2006). However, the amended information did specifically allege that McKenzie attempted to murder the victims “by shooting at or in the- direction of’ the victims with a firearm. The jury found that McKenzie discharged a firearm in the course of committing the attempted murders. Therefore, McKenzie was charged with, and convicted of, an attempt to commit a felony during which he discharged a firearm, an offense that carries a minimum mandatory term of twenty years in prison, pursuant to section 775.087(2)(a)(2).
 
 See Daniel,
 
 935 So.2d at 1241.
 

 
 *277
 
 On remand, the postconviction court shall resentence McKenzie on the attempted second-degree murder counts to no more than thirty years in prison on each count, with minimum mandatory terms of twenty years.
 

 Reversed and remanded.
 

 CRENSHAW and MORRIS, JJ, Concur.