BLACK, Judge.
Carlos Figueroa appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Given the unique circumstances of this case and Figueroa’s express request that the postconviction court and this court treat his motion in the alternative as a petition for writ of habeas corpus, we treat the appeal as such and grant it.
In 1998, Figueroa was charged by information with “Robbery with a firearm, F.S. 812.13, 775.087, 777.011, punishable by life felony” and first-degree grand theft. Count 1, the robbery charge, was titled as it is quoted above. The body of the information for count 1 provided, in pertinent part:
On or about the 7th of May in Lee County Florida [Figueroa] did unlawfully take away from the person or custody of [the victims], certain property, to wit: jewelry ... with the intent to permanently or temporarily deprive the owner *1160 or custodian of a right to the property, when in the course of the taking there was the use of force, violence, assault or putting in fear, contrary to Florida Statute 812.13, 777.011, in violation of Florida Statute(s) 812.13, 775.087, 777.011.
Following a jury trial, Figueroa was found guilty of robbery with a firearm and was sentenced, as a habitual violent felony offender (HVFO), to life in prison with a fifteen-year minimum-mandatory term. The judgment specifically convicts him of robbery with a deadly weapon or firearm pursuant to section 812.13, Florida Statutes (1998), with no mention of section 775.087, Florida Statutes (1998). Figueroa does not challenge his status as an HVFO or the underlying convictions necessary for the HVFO enhancement.
However, in the motion before us, Figueroa argues that the information did not allege that he possessed a firearm during the commission of the robbery — an essential element of the crime for which he was convicted — and that, as such, his sentence is illegal. Figueroa specifically alleges that both the imposition of the life sentence and the fifteen-year minimum-mandatory term are illegal.[1]
Figueroa correctly contends that when there is a discrepancy between the heading and the body of an information as to the offense charged, “the offense described in the body is the one with which the defendant is charged.” Troyer v. State, 610 So.2d 530, 531 (Fla. 2d DCA 1992) (citing Keesee v. State, 204 So.2d 925, 926-27 (Fla. 4th DCA 1967)). He then argues that the information failed to charge robbery with a firearm and was fundamentally defective. Citing Mesa v. State, 632 So.2d 1094, 1097 (Fla. 3d DCA 1994), the State argues that because the information referenced section 775.087 in the body, the information was not fundamentally defective and the judgment and conviction were properly entered.
As we have done previously, we distinguish reclassification of an offense based on section 775.087 from reclassification based on essential elements of a crime under the substantive criminal statute violated. See Franke v. State, 997 So.2d 424, 426 (Fla. 2d DCA 2008) (“[T]he trial court could not have reclassified the offenses [under section 775.087] because the use of a firearm is an essential element of each of them.”). Section 775.087(1) specifically excludes those felonies for which the use of a firearm is an essential element from reclassification under its terms. An essential element of armed robbery, pursuant to section 812.13(2), is use of a firearm. Franke, 997 So.2d at 426; see also State v. Tripp, 642 So.2d 728, 730 n. 2 (Fla.1994) (“Reclassification was improper under section 775.087(1) because attempted armed robbery is a felony in which the use of a weapon is an essential element.”); Ruth v. State, 949 So.2d 288, 289 (Fla. 1st DCA 2007) (concluding reclassification under *1161 section 775.087(1) was inapplicable to an appellant who was convicted of armed robbery, a crime for which use of a weapon is an essential element). Thus, robbery with a firearm cannot be reclassified under section 775.087.
Further, an information which “references a specific section of the criminal code” sufficiently detailing “all the elements of the offense” may support a conviction when the information otherwise fails to include an essential element of the crime, DuBoise v. State, 520 So.2d 260, 265 (Fla.1988). However, “a conviction on a charge not made by the indictment or information is a denial of due process[,]” and an indictment or information that “wholly omits to allege one or more of the essential elements of the crime” cannot support a conviction for that crime. State v. Gray, 435 So.2d 816, 818 (Fla.1983). This “is a defect that can be raised at any time — before trial, after trial, on appeal, or by habeas corpus.” Id. The Florida Supreme Court and our court have consistently applied these principles. See, e.g., Jaimes v. State, 51 So.3d 445, 448 (Fla.2010) (“It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state.”); Price v. State, 995 So.2d 401, 404 (Fla.2008) (reiterating that the failure to allege an essential element of a crime may be raised in a habeas petition); Harris v. State, 76 So.3d 1080, 1081 (Fla. 2d DCA 2011) (stating that it is a denial of due process to convict a defendant of an uncharged crime); Pena v. State, 829 So.2d 289, 292 n. 1 (Fla. 2d DCA 2002) (“[T]he failure to allege an essential element of an offense in the charging document is fundamental error, and ... such an issue can be raised at any time.” (citations omitted)).
Thus, as here, an information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime. And “ ‘[n]either a jury finding nor inclusion of the appropriate statute number in the information can cure’ ” the State’s failure to charge essential elements of the crime. Daniel v. State, 935 So.2d 1240, 1241 (Fla. 2d DCA 2006) (quoting Davis v. State, 884 So.2d 1058, 1061 (Fla. 2d DCA 2004)); see also Jaimes, 51 So.3d at 452 (directing entry of a verdict for a lesser-included crime where the defendant was convicted of an offense based on elements that were never charged, constituting fundamental error); McKenzie v. State, 31 So.3d 275, 276 (Fla. 2d DCA 2010); Freudenberger v. State, 940 So.2d 551, 554-55 (Fla. 2d DCA 2006) (discussing the need for precision in the charging document in cases involving section 775.087); Whitehead v. State, 884 So.2d 139, 140 (Fla. 2d DCA 2004); Helmick v. State, 569 So.2d 869, 870 (Fla. 2d DCA 1990); Inmon v. State, 932 So.2d 518, 519 (Fla. 4th DCA 2006); Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002).
Here, the State charged Figueroa with a violation of section 812.13, the robbery statute. The State did not charge violation of a specific subsection, and there was no reference to a specific statute detailing all of the elements of armed robbery. Cf. Delgado v. State, 43 So.3d 132,133 (Fla. 3d DCA 2010) (affirming conviction for armed robbery where information specifically cited subsection of robbery statute); McMillan v. State, 832 So.2d 946, 947 (Fla. 5th DCA 2002) (same). The reference to section 775.087 in the body of the information, a section under which Figueroa’s judgment and sentence were not and could not be reclassified, does not cure what is otherwise a fundamental defect in the charging instrument. See Griffin v. McNeil, 995 So.2d 1178, 1179 (Fla. 4th DCA 2008) (granting petition for writ of habeas corpus, concluding that an offense is limited *1162 to the terms charged and that where use of a firearm or deadly weapon is not charged as an element of robbery, the defendant may only be sentenced for simple robbery). Thus, the State’s reliance on Mesa is inapposite because unlike Figueroa’s crime, the charge in Mesa involved a conviction for attempted second-degree murder, a crime for which use of a firearm is not an essential element.
We recognize that Figueroa is benefit-ting from a “rather technical pleading error.” Cochran, 899 So.2d at 492. However, Figueroa was charged with only simple robbery and could have been convicted only of simple robbery, a second-degree felony. See id. HVFO enhancement provides that for second-degree felonies, the defendant may be sentenced to up to thirty years in prison with a minimum-mandatory term of ten years. § TT5.084(4)(b)(2).
Finally, although this argument has been raised by Figueroa both on direct appeal and in prior postconviction motions, this court and the postconviction court apparently overlooked the fundamentally defective information and resulting conviction and sentence. Figueroa should have been granted relief when he first raised this issue on direct appeal. In order “to prevent a manifest injustice and a denial of due process, relief may be afforded even to a litigant raising a successive claim.” Stephens v. State, 974 So.2d 455, 457 (Fla. 2d DCA 2008); see also State v. McBride, 848 So.2d 287, 291-92 (Fla.2003) (concluding that the collateral estoppel doctrine contains an exception where manifest injustice is shown). That relief may be conferred in the exercise of this court’s inherent authority to grant a writ a habeas corpus. Stephens, 974 So.2d at 457. Here, Figueroa is serving a life sentence for a crime he was not charged with committing and a conviction wrongfully entered. We conclude that the circumstances of this case present the “uncommon and extraordinary circumstances” constituting manifest injustice. See Stephens, 974 So.2d at 457-58; Miller v. State, 988 So.2d 138, 139 (Fla. 1st DCA 2008); see also Lawton v. State, 731 So.2d 60, 61 (Fla. 2d DCA 1999) (concluding illegal sentence was fundamental error that needed to be corrected because the result was a manifest injustice to the defendant).
Based on the foregoing, we treat Figueroa’s appeal as a petition for writ of habeas corpus, grant the petition, and direct the postconviction court to enter an amended judgment reflecting a second-degree felony conviction and to resentence Figueroa to a term of not more than thirty years in prison, with a ten-year minimum-mandatory term, as a habitual violent felony offender. Additionally, that portion of the postconviction court’s order finding Figueroa’s claims successive, frivolous, and not made in good faith and directing that a certified copy of the order be forwarded to the Department of Corrections for consideration of disciplinary procedures is vacated.
Petition granted; order vacated.
DAVIS and KHOUZAM, JJ., Concur.

. We note that Figueroa’s claim is not cognizable in a rule 3.800(a) motion because he is challenging the underlying conviction as well as the illegality of his sentence. Cf. Cochran v. State, 899 So.2d 490 (Fla. 2d DCA 2005) (reversing denial of rule 3.800(a) motion where sentence was illegal and judgment did not require correction because it did not reflect degree of offense). Claims of illegal enhancement of sentences generally arise in cases where possession of a firearm was charged but the jury convicted the defendant of discharge of a firearm — a crime of the same degree but carrying a different minimum-mandatory term under section 775.087. See, e.g., McKenzie v. State, 31 So.3d 275 (Fla. 2d DCA 2010); Adams v. State, 916 So.2d 36 (Fla. 2d DCA 2005). Here, not only does the sentence change with the finding of use of a firearm, but the level of the offense changes, making Figueroa’s challenge to his sentence impossible to differentiate from a challenge to his conviction. See State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998).