NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMIE D. LEWIS, )
)
        Appellant, )
)
v. )      Case No. 2D14-5502
)
STATE OF FLORIDA, )
)
        Appellee. )
_____)

Opinion filed October 9, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Edward J. Volz, Jr., Judge.

Jamie D. Lewis, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        Jamie D. Lewis appeals the order summarily denying his motion to correct

illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We reverse.

        The State filed an information charging that Lewis

        did unlawfully, by an act imminently dangerous to another,
        and evincing a depraved mind regardless of human life,
        attempt to kill and murder Keith Thornton, a human being, by
        shooting Keith Thornton, and during the commission of the

offense actually possessed a firearm, contrary to Florida Statute 782.04(2); 777.04; 775.087(2)(a)(1).

A jury found Lewis guilty as charged of attempted second-degree murder with a firearm, and the trial court sentenced him to twenty-five years' imprisonment with a twenty-five-year mandatory minimum under section 775.087(2)(a)(3), Florida Statutes (1999) (providing for the imposition of a twenty-five-year mandatory minimum when a defendant inflicts death or great bodily harm through the discharge of a firearm).

In the rule 3.800(a) motion at issue in this appeal, Lewis argued that the mandatory minimum term of his sentence is illegal because the information did not allege and the jury did not find that he caused great bodily harm. See Davis v. State, 884 So. 2d 1058, 1060 (Fla. 2d DCA 2004) (citing Whitehead v. State, 884 So. 2d 139, 140 (Fla. 2d DCA 2004) ("[T]he minimum terms mandated by the '10-20-Life' statute, section 775.087(2), cannot be legally imposed unless the statutory elements are precisely charged in the information.")); see also Arnett v. State, 128 So. 3d 87, 88 (Fla. 1st DCA 2013) (holding that the three-year minimum term mandated by the 10-20-Life statute could not be legally imposed because the information did not charge that Arnett actually possessed the firearm and the jury's finding of actual possession did not cure the charging defect).

The postconviction court denied Lewis's motion, citing Lee v. State, 130 So. 3d 707 (Fla. 2d DCA 2013). But there is a crucial difference between Lee and this case—Lee challenged the jury's verdict, not the information filed against him. Unlike a challenge to the verdict, which can be harmless error, id. at 710, the failure to allege the facts necessary for imposition of a mandatory minimum term under section 775.087 renders the sentence illegal, see Whitehead, 884 So. 2d at 140.

The issue in this case is controlled by McKenzie v. State, 31 So. 3d 275, 276 (Fla. 2d DCA 2010), in which the jury found McKenzie guilty of two counts of attempted second-degree murder during the commission of which he discharged a firearm resulting in great bodily harm to the victims, and the trial court imposed a twenty-five-year mandatory minimum sentence. However, the element of great bodily harm was not alleged in the amended information, and this court held that a jury finding could not cure this defect. Id. Because the information alleged that McKenzie attempted to murder the victims by shooting at them with a firearm and the jury found that he discharged a firearm in the course of committing the offenses, this court held that the information and the jury verdict supported the imposition of a mandatory minimum of twenty years' imprisonment under section 775.087(2)(a)(2) for discharge of a weapon. Id. We reversed the order denying McKenzie's rule 3.800(a) motion and remanded for the postconviction court to resentence McKenzie to a mandatory minimum of twenty years' imprisonment. Id. at 277.

Similarly, in Daniel v. State, 935 So. 2d 1240, 1241 (Fla. 2d DCA 2006), the trial court sentenced Daniel to a twenty-five-year mandatory minimum sentence under section 775.087(2)(a)(3) after the jury found him guilty of attempted first-degree murder. However, while the jury found that Daniel discharged a firearm during the commission of the offense that resulted in death or great bodily harm, the information merely alleged that Daniel attempted to kill the victim "by firearm"; it did not allege that he discharged the firearm or that great bodily harm resulted. Id. This court held that "[n]either a jury finding nor inclusion of the appropriate statute number in the information can cure this fatal defect." Id. (quoting Davis, 884 So. 2d at 1061). Finding that

attempting to kill by firearm meant that Daniel committed the crime by using a firearm, which in turn meant that he necessarily possessed the firearm, this court reversed the twenty-five-year mandatory minimum sentence and remanded for the trial court to resentence Daniel to the ten-year mandatory minimum for possession of a firearm under section 775.087(2)(a)(1). Id.

In the present case, the information alleged that Lewis attempted to murder the victim by shooting at him and that during the commission of the offense, he possessed a firearm, and the jury found Lewis guilty as charged. As in McKenzie, the information and the jury verdict support the imposition of a mandatory minimum of twenty years' imprisonment under section 775.087(2)(a)(2) for discharge of a weapon. Accordingly, we reverse and remand with directions for the postconviction court to resentence Lewis to a mandatory minimum of twenty years' imprisonment.

Reversed and remanded.

CASANUEVA and WALLACE, JJ., Concur.