DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TYLER CORDELL SAWYERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0520
_____

February 27, 2026

Appeal from the Circuit Court for Manatee County; Teri K. Dees, Judge.

Brett S. Chase of Chase Law Florida, P.A., St. Petersburg, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.

LABRIT, Judge.

Tyler Sawyers appeals his judgment and twenty-five-year mandatory minimum sentence for aggravated battery with a firearm. According to Mr. Sawyers, the information was defective because it failed to allege that great bodily harm was inflicted "as the result of" the discharge of the firearm, as required to support the sentencing enhancement under section 775.087(2)(a)3, Florida Statutes (2021). This alleged defect was not preserved below and does not constitute fundamental error, so we affirm.

To resolve Mr. Sawyers' claim, we begin with the well-settled distinction in Florida law between "substantive" and "technical" defects in charging documents. Substantive defects—such as a failure to allege any essential element of the charged crime—can be raised for the first time on appeal. *See Price v. State*, 995 So. 2d 401, 404 (Fla. 2008). In contrast, technical defects must be preserved by contemporaneous objection. *See Deparvine v. State*, 995 So. 2d 351, 373 (Fla. 2008). Here, the omission Mr. Sawyers identifies—failure to allege that great bodily harm was inflicted "as the result of" his discharge of the firearm—does not render the information substantively defective. *See Barrentine v. State*, 72 So. 280, 281 (Fla. 1916) (rejecting the claim that an indictment is fatally defective for not alleging "that such gun was discharged by any person at or against the body of the deceased," and explaining that it is enough to state the mode of death in ordinary language and to substantially comply with charging requirements). The information alleged all the elements necessary to charge the underlying offense of aggravated battery under section 784.045(1)(a)1, Florida Statutes (2021): that Mr. Sawyers intentionally touched or struck the victim against her will and caused great bodily harm. It also alleged that he possessed and discharged a firearm during the commission of the battery. The missing phrase relates solely to the causation language required to trigger the enhanced sentencing provision in section 775.087(2)(a)3, not to the elements of the substantive offense itself. Facts which affect only the sentence to be imposed—not the existence of criminal liability—are not essential elements for charging purposes. *See Robinson v. State*, 215 So. 3d 1262, 1272 (Fla. 1st DCA 2017). Because the omitted language pertains only to the applicability of a sentencing enhancement, its absence rendered the information technically defective at most. As such,

2

any challenge to that defect was required to be preserved by contemporaneous objection.[1]

No such objection was made. At the beginning of the proceedings, the trial court confirmed that it had "an information charging one count of aggravated battery with great bodily harm, involving a firearm," and asked whether that was the information under which the parties were proceeding. The State affirmed. Defense counsel made no objection. Nor did counsel file or raise any pretrial motions challenging the information, *see Deparvine*, 995 So. 2d at 374; Fla. R. Crim. P. 3.190(c), or otherwise challenge the information at any other point in the proceedings.

Because this claim of error was not preserved, Mr. Sawyers may obtain relief only if the defect in the information constituted fundamental error. Where a defect in the information does not involve the omission of an essential element of the crime, "the defect is fundamental only if due process was denied." *Robinson*, 215 So. 3d at 1272. That is, Mr. Sawyers must demonstrate that he lacked notice of the mandatory minimum sentencing consequences. *See id.*

The record does not support such a claim. Quite the opposite. The record affirmatively demonstrates that both Mr. Sawyers and his counsel

---

[1] We add that Florida's rules and case law contemplate—and, for curable defects, expect—pretrial challenges to the charging document. *See* Fla. R. Crim. P. 3.190(c); Fla. R. Crim. P. 3.140(o). Nonfundamental pleading defects are waived if not timely raised. *See DuBoise v. State*, 520 So. 2d 260, 265 (Fla. 1988); *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983); *Castillo v. State*, 929 So. 2d 1180, 1182 (Fla. 4th DCA 2006); *Lacey v. State*, 831 So. 2d 1267, 1271 (Fla. 4th DCA 2002) (quoting *Colson v. State*, 717 So. 2d 554, 555 (Fla. 4th DCA 1998)). That framework aligns with counsel's duty to the client: timely objections protect the client from waiver, whereas silence risks forfeiture of nonfundamental claims.

were fully aware from the outset that a conviction as charged would carry a twenty-five-year mandatory minimum sentence under section 775.087(2)(a)3. Before the trial began, the State placed on the record that, while there had been plea negotiations, those discussions had broken down in part due to the significant disparity between the parties' positions. The prosecutor explained that the State's position had always been that, in the event of a conviction, it would seek a twenty-five-year mandatory minimum sentence and wanted that point clearly stated on the record. Shortly thereafter, the trial court independently confirmed on the record that, based on the charge and the applicable enhancement, a conviction would subject Mr. Sawyers to a twenty-five-year mandatory minimum.

Defense counsel raised no objection to these representations. Nor did defense counsel express any confusion or disagreement about the applicability of the enhancement. Instead, when asked by the trial court whether there were any outstanding pretrial motions, defense counsel responded that the parties had communicated and resolved all such matters. The court then conducted a colloquy with Mr. Sawyers, confirming that he had heard the discussions in open court regarding the State's offer, the defense's counteroffer, and the potential sentencing consequences. Mr. Sawyers affirmatively acknowledged his understanding and confirmed his desire to reject the offers and proceed to trial.

Following the guilty verdict, Mr. Sawyers attempted to flee the courtroom and was immediately taken into custody. When the court reconvened to discuss sentencing, defense counsel acknowledged that there was no reason to delay because, in counsel's words, "Mr. Sawyers knew what sentence he would be getting." The State echoed that

4

sentiment, stating, "It's the 25-year min-man. That's all, that's what I was asking for, I think everybody kind of knew that." The trial court then confirmed on the record that, in light of the verdict and applicable statute, it had no discretion and was required to impose the twenty-five-year mandatory minimum. Both parties again confirmed their agreement. Defense counsel expressly stated, "It's our position that that is the law, and there is nothing—no discretion here."

This record forecloses any plausible claim that Mr. Sawyers was deprived of notice. A technical omission in the charging language cannot rise to fundamental error where the defendant is repeatedly made aware of the sentencing consequences. *Cf. Cowart v. State*, 257 So. 3d 145, 147 (Fla. 2d DCA 2018).

We also reject any suggestion that Mr. Sawyers' filing of a Florida Rule of Criminal Procedure 3.800(b) motion preserved the issue for appellate review; although he raised the claim in that motion, he appears to assume—without analysis—that doing so permitted him to pursue the argument on appeal. That rule allows a defendant to raise certain unpreserved sentencing errors during a pending appeal, but its scope is limited. Under a related provision, rule 3.800(a), the Florida Supreme Court has held that a defect in a charging document is not a proper basis for relief because such a defect does not render a sentence "illegal." *See Martinez v. State*, 211 So. 3d 989, 991–92 (Fla. 2017). Although no case has expressly interpreted rule 3.800(b) in the same manner, the court's reasoning in *Jackson v. State*, 983 So. 2d 562 (Fla. 2008), compels the conclusion that such a defect likewise may not be raised under that rule.

In *Jackson*, the court emphasized that "sentencing errors" for purposes of rule 3.800(b) are limited to errors apparent in orders entered as a result of the sentencing process—such as errors in written

5

sentencing orders, cost assessments, or discrepancies with oral pronouncements. *Id.* at 572. They do not include procedural defects that occurred before or during trial and could have been addressed at that time. *Id.* at 572–73. Mr. Sawyers' claim here—based on the content of the charging document—falls squarely into the latter category. The defect was apparent from the face of the information. Mr. Sawyers had ample opportunity to object. Rule 3.800(b) was never intended to allow a party to raise posttrial challenges to defects that were discoverable from the outset, and it certainly does not license counsel to forgo a contemporaneous objection—or, as occurred here, to affirmatively agree that the court lacked discretion—only to raise the point later on paper.

Mr. Sawyers' reliance on *Espinoza v. State*, 264 So. 3d 343 (Fla. 5th DCA 2019), does not alter our analysis. In *Espinoza,* the Fifth District reversed a twenty-five-year mandatory minimum sentence where the information failed to allege that Mr. Espinoza discharged a firearm, resulting in great bodily harm, concluding that the omission rendered the sentence illegal. *Id.* at 344–45. However, *Espinoza* did not address whether the issue had been preserved,[2] whether it constituted fundamental error, or whether it could be raised in a rule 3.800(b) motion—matters that are central to the disposition of this case. Accordingly, this court is neither bound nor persuaded by an opinion that does not address the procedural prerequisites for relief, particularly where the record in our case establishes that Mr. Sawyers had clear and repeated notice of the sentencing enhancement and never objected to the

---

[2] Mr. Espinoza raised the issue in a motion filed under rule 3.800(a). By reaching the issue, *Espinoza* appears to diverge from the Florida Supreme Court's holding in *Martinez,* 211 So. 3d at 990, that a defect in a charging instrument does not render a sentence illegal for purposes of correction under rule 3.800(a).

language of the information.[3]  To the extent that *Espinoza* may be read to authorize relief in the absence of preservation or a showing of fundamental error, we respectfully disagree with that analysis and certify conflict with *Espinoza.*

We acknowledge that the absence of preservation does not necessarily mean that no error occurred.  Trial courts can and do err even when a party fails to object.  But whether an error occurred in the abstract, our task on appeal is to correct errors *committed* by the trial court.  That premise underlies our limited role as an error-correcting court: to review whether the trial court acted improperly or failed in some legal duty.  Here, the trial court did neither.  It was never asked to rule on the sufficiency of the charging document, and nothing in the law imposed an independent obligation on the court to sua sponte scrutinize the information for technical defects that were not raised by the defense.  Because there was no judicial error to correct, and because the issue now raised was neither preserved nor shown to be fundamental, we decline to disturb the judgment and sentence.

Affirmed; conflict certified.

ROTHSTEIN-YOUAKIM, J., Concurs specially.
SILBERMAN, J., Concurs in result only with opinion.

---

[3] We also note that the information in *Espinoza* charged aggravated battery "with a firearm or causing great bodily harm," a disjunctive formulation that, as the Fifth District explained, suggested any firearm use did *not* cause the harm and thus wholly omitted the enhancement's discharge-and-resulting-harm element.  *Id.* at 344 (emphasis added).  Here, by contrast, the State alleged both that Mr. Sawyers discharged a handgun during the battery and that the victim suffered great bodily harm; the information simply failed to add the causal connector—"as the result of."  As we have explained, that omission rendered the pleading technically, not substantively, defective, and therefore a timely objection was required to preserve the claim.  *See Deparvine,* 995 So. 2d at 373.

ROTHSTEIN-YOUAKIM, Judge, Specially concurring.

I join in concluding that Sawyers' twenty-five-year statutory minimum sentence should be affirmed, but I write separately because I reach that conclusion a bit differently.

As the Supreme Court has effectively obliterated any distinction between "sentencing elements" and elements of a new, aggravated offense, *see Alleyne v. United States*, 570 U.S. 99, 114–15 (2013) ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."),[4] I take as a given that we must approach the language "and during the course of the commission of the [enumerated] felony such person discharged a 'firearm' . . . and, as the result of the discharge, death or great bodily harm was inflicted upon any person," *see* § 775.087(2)(a)3, as if it were an element of an enhanced offense even though it affects only Sawyers' sentence and not his conviction on the core offense. I also take as a given that "an information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime." *See Figueroa v. State*, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012).

The information in this case, however, did not "totally omit" that element. Rather, it charged Sawyers *both* with "discharg[ing] a . . . handgun" "during the commission of said battery" *and* with "caus[ing] great bodily harm, permanent disability or permanent disfigurement" to the victim. Significantly, subsection (2)(a)3, which prescribes the twenty-five-year statutory minimum sentence that the trial court imposed, is the

---

[4] According to Sawyers' Criminal Punishment Code Scoresheet, but for any statutory minimum sentence, he would have faced a lowest permissible sentence of 64.5 months' imprisonment.

only enhancement provision of section 775.087 that requires both. The only thing the information failed to allege was the causal connection between the two. *Cf. Espinoza*, 264 So. 3d at 344 ("The information does not allege that Espinoza discharged the firearm. It also does not allege that Espinoza used a firearm to commit bodily harm. Instead, the information charges aggravated battery in the alternative by alleging Espinoza used a firearm <u>or</u> knowingly caused great bodily harm, which suggests that any use of the firearm did not cause great bodily harm."); *cf. also Daniel v. State*, 935 So. 2d 1240, 1241 (Fla. 2d DCA 2006) (noting that the information wholly failed to allege *either* that the defendant "discharged a firearm or that death or great bodily harm resulted").[5] Because Sawyers' information did not totally omit the element triggering that statutory minimum sentence, I agree that it was not fundamentally defective and that Sawyers was obligated to timely object to preserve any claim of error.

But Sawyers did not object. To the contrary, he evidenced throughout the entire proceedings his understanding that he faced a twenty-five-year statutory minimum sentence, underscoring that the omission of the causal connection not only was not fundamental but was merely technical. He participated without protestation—and presumably in good faith—in plea negotiations. He expressed no surprise at the State's theory of prosecution. When the trial court instructed the jury that if it found Sawyers guilty of aggravated battery with great bodily harm, it should also determine whether "the defendant as a result of

---

[5] Because I think *Espinoza* is distinguishable based on how the offense in that case was charged, I see no need to certify conflict. If a colorable argument could be made that that's a distinction without a legal difference, however, I would join Judge Labrit in so certifying.

9

discharging a firearm cause[d] death or great bodily harm to" the victim, he did not object that this instruction constructively amended the information. Nor did he object to the verdict form that included a space for the jury to record its answer to that question.

Nor was there any objection at sentencing, when defense counsel *acknowledged* that the trial court had no discretion to impose a sentence of less than twenty-five years' imprisonment. Consequently, I also cannot conclude that Sawyers' subsequent rule 3.800(b)(2) motion preserved any objection that imposition of that statutory minimum sentence constituted error: rule 3.800(b)(2) was never intended to permit defense counsel to sit quietly at sentencing—let alone to agree that the sentencing court had no choice but to do something—only to object after the hearing was over. *See Jackson*, 983 So. 2d at 573 ("[R]ule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections or to substitute for ineffective assistance of counsel claims.").

In any event, faced with such a motion, the trial court denied it. Correctly so, in my estimation.

We have repeatedly held that a defect in the information cannot be cured by the jury's verdict. *See, e.g.*, *Daniel*, 935 So. 2d at 1241; *Davis v. State*, 884 So. 2d 1058, 1061 (Fla. 2d DCA 2004). Which makes sense, because how can we hang our hats on what the jury found at the end of the proceedings when, if the defendant had had adequate notice of the charge against him, those proceedings may have unfolded very differently? But *even* where an information is fundamentally defective, "[t]hat is not the end of our inquiry": our supreme court has stated unequivocally that its "precedent does not make the failure to charge per se reversible." *Weatherspoon v. State*, 214 So. 3d 578, 584, 588 (Fla. 2017). Rather, "the test for granting relief based on a defect in the

10

information is actual prejudice to the fairness of the trial." *Id.* at 584 (quoting *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008)). Thus, we look not merely to the jury's verdict but to the entire proceeding. *See id.* at 588.

There is, to put it mildly, no prejudice here. Sawyers irrefutably knew *from the get-go* that he was looking at a minimum of twenty-five years' imprisonment. He admitted shooting the victim multiple times, claiming self-defense, and never once has he suggested that he could have put forth a credible argument that the victim had not suffered great bodily harm *as a result*. And the jury—properly instructed, without objection—expressly found that the victim in fact had.

In closing, I note that the State could have avoided this issue entirely if whoever had drafted the charging information had taken just a moment to double-check the wording against the statute itself. It should not be a tough ask for the State to accurately track language that it's relying on to deprive someone of his or her liberty. That said, we must be careful not to conflate a "mistake" by the State with trial court "error"—our job is to correct the latter, not the former. Because Sawyers has wholly failed to establish that he was surprised, misled, or otherwise prejudiced by the State's mistake, I cannot conclude that the trial court erred in imposing the statutorily mandated minimum sentence of twenty-five years' imprisonment. Accordingly, I join the decision to affirm.

SILBERMAN, Judge, Concurring in result only.

Because the record establishes that the defect in the charging information did not actually prejudice the fairness of Sawyers' trial, I concur in the decision to affirm his judgment and sentence. I write, however, to explain my concerns, particularly regarding the State's failure to properly charge the grounds necessary to obtain the minimum mandatory sentence, and the basis for my agreement with the result that we reach.

The information did not specifically charge Sawyers with discharging a firearm resulting in the infliction of great bodily harm and did not cite section 775.087(2)(a)3. Precision is required in charging documents to support penalty enhancements under section 775.087(2)(a) due to the complexity of the statute and the various sentencing outcomes that are possible under it. *See Freudenberger v. State*, 940 So. 2d 551, 555 (Fla. 2d DCA 2006). The length of a minimum mandatory sentence may vary, and to subject a criminal defendant "to a twenty-five-year minimum mandatory under section 775.087(2)(a)(3), the State must allege in the information that [the defendant] discharged the firearm <u>and</u> that death or great bodily harm resulted." *Daniel v. State*, 935 So. 2d 1240, 1241 (Fla. 2d DCA 2006) (emphasis added). "Neither a jury finding nor inclusion of the appropriate statute number in the information can cure this fatal defect." *Id.* (quoting *Davis v. State*, 884 So. 2d 1058, 1061 (Fla. 2d DCA 2004)); *see also Agenor v. State*, 268 So. 3d 868, 870 (Fla. 2d DCA 2019) (noting that a general citation to section 775.087 is insufficient to notify a defendant of the potential applicability of a minimum mandatory sentence under section 775.087(2)(a) (citing *Bienaime v. State*, 213 So. 3d 927, 929-30 (Fla. 4th DCA 2017))).

Sawyers was charged as follows:

12

COUNT 1: late of the County and State aforesaid, on or about December 21, 2021 in the County and State aforesaid did unlawfully, actually, and intentionally touch or strike the person of [the victim] against his or her will, and in so doing did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to the said [victim], and during the commission of said battery did actually possess and discharge a deadly weapon, to-wit: handgun, contrary to Section 784.045(1)(a)1 and 775.087, Florida Statute, in such case made, and provided and against the peace and dignity of the State of Florida.

The jury found Sawyers guilty of "Aggravated Battery with Great Bodily Harm, as charged." The jury also found that Sawyers (1) actually possessed a firearm; (2) discharged a firearm; and (3) as a result of discharging a firearm, caused death or great bodily harm to the victim.

Sawyers challenges his minimum mandatory sentence arguing that the State failed to cite in the information the statutory subsection that mandates imposition of a twenty-five-year minimum prison term and failed to allege that the victim suffered death or great bodily harm as a result of his discharging the firearm. The State responds that the information connects Sawyers' "criminal conduct to the essential elements upon which the enhanced sentence is based" and that his sentence does not rest on the jury's special verdict findings or the statutory citation in the information.

The State's argument is unpersuasive for the simple fact that the information fails to allege, as required by statute, that during the course of the battery, "as the result of the [firearm's] discharge, death or great bodily harm was inflicted upon [the victim]." *See* § 775.087(2)(a)3; *Davis*, 884 So. 2d at 1060. And, instead of tracking the statutory language or citing to subsection 775.087(2)(a)3, the appropriate enhancement

13

subsection, the State charged Sawyers with violating sections 784.045(1)(a)1 and 775.087.

Aggravated battery under section 784.045(1)(a)1 occurs when a person, when committing a battery, "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement." The information tracks the precise language of section 784.045(1)(a)1 and adds that "during the commission of said battery [Sawyers] did actually possess and discharge a deadly weapon." This discharge language, without alleging that the discharge *caused* the great bodily harm, triggers the twenty-year minimum mandatory sentence pursuant to section 775.087(2)(a)2. That is because that subsection mandates "[a]ny person who is convicted of a[n enumerated] felony . . . regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a 'firearm' . . . shall be sentenced to a minimum term of imprisonment of 20 years." § 775.087(2)(a)2. Because this causal element is omitted from the charging information, I respectfully disagree with Judge Labrit and Judge Rothstein-Youakim that this error does not render the information fundamentally defective. *See Alleyne v. United States*, 570 U.S. 99, 103, 113-14 (2013) (recognizing that "[d]efining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment" and holding that such facts that, "by law, increase[] the penalty for a crime [are] 'element[s]' that must be submitted to the jury and found beyond a reasonable doubt"); *Weatherspoon v. State*, 214 So. 3d 578, 584 (Fla. 2017) ("[A]n information is fundamentally defective where it fails to cite a specific section and

14

totally omits an essential element of the crime." (alteration in original) (quoting *Figueroa v. State*, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012))).

Nevertheless, even though the information omitted the essential causal element of discharge causing death or great bodily harm, I agree that we are compelled to affirm Sawyers' sentence because "the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." *Weatherspoon*, 214 So. 3d at 584 (quoting *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008)). Under the facts of this case, Sawyers was on notice, and indeed acknowledged, that he faced a twenty-five-year minimum mandatory sentence. Thus, under *Weatherspoon*, he cannot demonstrate any actual prejudice to the fairness of his trial. *See id.* ("[A]n information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy." (quoting *State v. Dilworth*, 397 So. 2d 292, 294 (Fla. 1981))).

I remain concerned that the State failed to properly charge Sawyers with the necessary elements to obtain the twenty-five-year minimum mandatory, but under the unique facts of this case and in light of *Weatherspoon*, I conclude we are compelled to affirm Sawyers' sentence.

———————————————

Opinion subject to revision prior to official publication.