925 So.2d 470 (2006)
Marcus GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3123.
District Court of Appeal of Florida, Fourth District.
April 12, 2006.
*471 Hilliard E. Moldof, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was found guilty of armed trafficking in cocaine, attempted felony murder, armed robbery and conspiracy to traffic in cocaine. We reject his argument that the circumstantial evidence of a cocaine conspiracy was insufficient to overcome his reasonable hypothesis of innocence, which was that appellant thought he was participating in a marijuana purchase.
A confidential informant set up a two-kilogram cocaine purchase between a man from Tampa known as "Peanut" and a Fort Lauderdale police detective. During the planning Peanut referred to more than one purchaser being involved, and one of the other people was Richie. The detective listened in on a telephone conversation in which Peanut and "two friends" were to deliver $46,000 for the two kilos of cocaine. Thus, on the day the purchase was to occur, the officer knew that three people would be participating, but appellant had not been identified as being involved.
The police rented two hotel rooms, so that the informant could meet the buyers in one, while the officers monitored and taped the transaction from the other. At the pre-arranged time Peanut, Richie, and appellant entered the informant's hotel room, and appellant was carrying a duffel bag. They asked to see the "dope," and the informant asked to see the money in order to make sure there was $46,000. Appellant handed the duffel to Richie, and Richie showed the informant a clear plastic bag containing money in stacks which was *472 visible in the duffel. The informant then went to his car to get the cocaine. When the informant returned with the cocaine, which was in a cell phone box, Richie and appellant each pulled out guns and pointed them at the informant's head. Richie handed the cocaine to appellant, and appellant put the cocaine into the duffel bag. When a voice on the other side of the door announced that it was the police and instructed the men inside to come out with their hands up, Richie then turned out the light and fired a shot through the door. At that point appellant moved to the bathroom with the duffel, the money, and a gun in his hand.
Appellant gave a statement to the police stating that he thought he was coming from Tampa to Fort Lauderdale to purchase marijuana and that he had no knowledge in advance that cocaine was involved. He told the police that the money in the duffel was "business money." The money, as it turned out, was in stacks of 1 dollar bills, except for the top and bottom, which had either a 100 dollar bill or a 50 dollar bill. It amounted to $1,646, but was disguised to appear as $46,000. The police retrieved the contraband, which was cocaine inside a sealed package covered with duct tape. It weighed 2 kilograms or 4-1/2 pounds. A detective testified that the street value of 4 pounds of marijuana was $4,500.
Appellant testified at trial that he had brought $500 with which he intended to buy marijuana to sell in nickel and dime bags, and that he knew nothing about a cocaine deal. He denied that he held a gun, even though the videotape showed that he and Richie pointed their guns at the informant's head as soon as they got the cocaine. He also denied taking possession of the drugs even though the videotape showed that he did.
Appellant argues that the trial court should have granted his motion for directed verdict on the charge of conspiracy to traffic in cocaine because the evidence that he knew cocaine was involved was all circumstantial, and he had a reasonable hypothesis of innocence, which is that he thought he was buying marijuana. T.R.W. v. State, 732 So.2d 466 (Fla. 2d DCA 1999) (intent to possess marijuana, rather than cocaine, can be a reasonable hypothesis of being innocent of a cocaine charge).
Under State v. Law, 559 So.2d 187 (Fla.1989), a trial court must grant a motion for judgment of acquittal in a circumstantial evidence case if the state does not offer evidence which is inconsistent with the defendant's reasonable hypothesis of innocence. In this case, the following evidence is inconsistent with appellant's hypothesis.
Appellant was carrying the money, which was visible and disguised to appear to be $46,000, the price agreed on in advance for the two kilos (four and one-half pounds) of cocaine. That amount would have purchased forty pounds of marijuana, which would have been much larger and heavier; however, the videotape showed that appellant did not react in surprise when the seller of the cocaine produced the small box, the contents of which weighed four and one-half pounds. Accordingly, if the money which appellant was carrying was in fact $46,000, that was inconsistent with appellant's hypothesis that this was a marijuana purchase. If, on the other hand, appellant knew that this was really only $1,646, the evidence showed that would have been enough to purchase a pound and a half of marijuana, but then there would have been no reason to package the money to appear to be $46,000. Accordingly, the money, which was in appellant's possession, was inconsistent *473 with his hypothesis that he was only there to buy $500 worth of marijuana.
In addition, the informant testified that the deal was supposed to have taken place the day before, but was postponed, because Richie, who was in Tampa, was "busy" with $250,000 worth of marijuana. That evidence is inconsistent with appellant's hypothesis that they would have been coming from Tampa to Fort Lauderdale merely to buy marijuana.
Appellant also argues that the trial court erred in not giving a lesser included instruction on attempted trafficking in cocaine, because there was evidence that the conspirators did not receive the cocaine. The videotape showed Richie receiving the cocaine from the informant and handing it to appellant. It further showed the appellant putting the cocaine into the duffel bag. The evidence on which appellant relies was simply his denial, in his testimony, that he had received the drugs.
A defendant is entitled to an instruction on a theory of defense, no matter how "weak or improbable, his testimony might have been." Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987); Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982). Assuming appellant's denial that he possessed the drugs, notwithstanding the videotape showing that he did, is enough evidence to warrant an instruction on attempt, there was no evidence that Richie, the co-conspirator, did not take possession of the drugs. Because appellant and Richie were acting in concert, the act of Richie taking possession of the drugs, which was undisputed, is the act of appellant. Arnold v. State, 83 So.2d 105 (Fla. 1955). Accordingly, there was no evidence of anything other than the completed act of trafficking, and the court did not err in denying the instruction on attempt. Affirmed.
WARNER and HAZOURI, JJ., concur.