932 So.2d 518 (2006)
Leroy INMON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3366.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
*519 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
This appeal arises from the same case as our recent decision in Green v. State, 925 So.2d 470 (Fla. 4th DCA 2006). Appellant here is a co-defendant. As we did in Green, we reject his arguments centered upon his contention that he thought he was buying marijuana and affirm the conviction.
We do find merit in his argument that part of his sentence is in error. He argues that count V of the information alleged that he "carried a firearm" and not that he "discharged a firearm" for purposes of sentencing under section 775.087(2). See § 775.087(2), Fla. Stat. (2003). Discharging a firearm in an armed robbery carries a mandatory 20 year sentence, but possessing a firearm carries only a 10 year term. See § 775.087(1)-(2), Fla. Stat. (2003). While the State concedes the allegation did not "specifically" allege discharging a firearm, it argues that it did include a reference to section 775.087(2) in the information.
In Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999), we faced a similar but not identical issue. There, the charging document failed to contain an allegation that the offense of attempted first degree murder was committed with a firearm. 744 So.2d at 1226. We reversed the imposition of an additional minimum mandatory period of 3 years because the State failed to allege that "`the defendant possessed a "firearm" or "destructive device" during the commission of the crime.'" 744 So.2d at 1226 (citing Gibbs v. State, 623 So.2d 551, 555 (Fla. 4th DCA 1993)). We emphasized that the defendant was not given notice that he faced the possible 3-year enhancement of any sentence. Bryant, 744 So.2d at 1226. Although we alluded to the failure even to refer to section 775.087(2) in the information, we did not state in so many words that such a mere reference might be sufficient.
In Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002), we held that the lack of any allegation in the information that defendant "discharged" a firearm during the crime deprived him of notice that he would be subject to a mandatory minimum. There we clarified that "using" a firearm does not necessarily mean that a person "discharged" a firearm. 835 So.2d at 1183.
In this case the state argues that a mere reference to section 775.087(2) in count V is legally sufficient to give a defendant notice that he faces the particular enhancement of 20 years for discharging a firearm. We disagree. Section 775.087 is a comprehensive sentencing enactment on the subject of weapons involved in the commission of felonies and certain resulting enhancements *520 depending on the specific role of the firearm in the offense. The first subdivision addresses the "presence" of a firearm in all felonies. § 775.087(1), Fla. Stat. (2005). It applies to the possession, use, display, threat to use and actual use of a firearm in any felony. Id. If a firearm is present in the commission of any felony, the offense is stepped up a single grade (e.g., a first degree felony becomes a life felony, and so on). Id.
Section 775.087(2), the second subdivision of this statute (the one involved in this case), addresses distinctly different applications of a firearm but only in the commission of several enumerated violent or serious felonies. Subsection (2) has several parts, each subdivided from the others for ease of reference. One of them makes the actual possession of a firearm subject to a minimum mandatory enhancement period of 10 years. § 775.087(2)(a)1, Fla. Stat. (2005). Another makes the actual discharge of the firearm subject to a minimum mandatory enhancement period of 20 years. § 775.087(2)(a)2, Fla. Stat. (2005). Still another makes the actual discharge of a firearm resulting in death or great bodily harm subject to a minimum mandatory enhancement period of not less than 25 years up to a maximum of life in prison. § 775.087(2)(a)3, Fla. Stat. (2005).
In addition to the specified enhancements, section 775.087(2) makes clear that the imposition of the minimum mandatory provisions does not prevent even longer sentences within the statutory maximums. § 775.087(2)(b), Fla. Stat. (2005). In fact it provides that if the minimum mandatory exceeds the statutory maximum, then the maximum is thereby increased and the court must impose the minimum mandatory. Id. Still another provision forbids the sentencing judge from suspending, deferring or withholding of sentences under this statute. Id. Finally, the statute specifies increased punishments for the use of semi-automatic firearms with high capacity detachable box magazines. § 775.087(3)(a)(2), Fla. Stat. (2005).
We hold that merely referring to section 775.087(2) is not sufficient notice that the accused is being charged with discharging a firearm for purposes of its minimum mandatory sentence enhancement. The general reference to subdivision (2) of section 775.087 is not specific enough to give the accused notice of a possible enhancement of 20 years, because this subdivision contains a lesser alternative. If the state desires to give an accused notice of an enhancement possible within subsection (2) of section 775.087 by a mere reference to the statute itself, then it should state the particular sub-subdivision applicable. In this instance, the State should have referred to section 775.087(2)(a)2, Florida Statutes (2005). Its failure to do so renders the notice insufficient.[1]
We therefore reverse the minimum mandatory part of the sentence for count V and remand to correct his sentence to 10 years.
Conviction Affirmed; Sentence on Count V Reversed.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] We note that in another count of the information charging defendant with a separate offense, the state expressly stated that defendant did "actually possess a firearm and discharge it." The absence of similar text in count V supports our conclusion that he was not given sufficient notice of the requisite fact underlying the statutory enhancement for discharging a firearm during the commission of the armed robbery.