PER CURIAM.
The State charged Appellant, Kenyeta Murray, with one count of adoption fraud and two counts of grand theft. Simply, Appellant offered to give up the same unborn child for adoption to multiple individ *558 uals. Appellant took money and other items from each, knowing she was not going to let either adopt her child. And, prosecutors claimed Appellant had done this before — at least once, if not twice.
Appellant entered an open plea of guilty. Pursuant to section 775.082(10), Florida Statutes, Appellant scored a nonstate prison sanction. Pursuant to the same section, though, the trial court made the factual finding Appellant “could present a danger to the public.” With that finding, the court sentenced her to three years’ imprisonment.
Appellant now challenges her sentence, claiming it violates the mandates of Ap-prendi [1]/Blakely[2] because the trial judge, instead of a jury, made the written finding which increased her sentence from non-state prison to three years’ imprisonment. We disagree because (i) Appellant waived her right to rely upon Apprendi/Blakely, and (ii) the judge’s written findings were sufficient to justify the conclusion Appellant “could present a danger to the public.”
As an initial matter, a defendant may waive her rights under Apprendi Blakely, 542 U.S. at 310, 124 S.Ct. 2531. In the context of plea deals, “the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.... If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty.” Blakely, 542 U.S. at 310, 124 S.Ct. 2531. Waiver is the “voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.” Williams v. State, 932 So.2d 1233, 1237 (Fla. 1st DCA 2006); see Black’s Law Dictionary waiver (9th ed. 2009) (waiver is the “voluntary relinquishment or abandonment — express or implied — of a legal right or advantage”).
Here, Appellant’s counsel told the judge he informed Appellant the sentence was entirely up to the court. Then, the judge made it clear, and Appellant understood, “there will be no trial in this case.” Appellant stated she discussed her potential ten-year prison exposure with her attorney and discussed the State’s outstanding two-year imprisonment offer. Appellant signed and acknowledged understanding her plea form, which similarly advised Appellant there would be no trial. And importantly, the court explained, “we will have a full sentencing hearing.... But, ma’am, do you understand, that your sentence will be entirely within my discretion, ma’am, do you understand that.” Further, the judge questioned Appellant on whether she had discussed this premise with her counsel; Appellant stated she had.
Moreover, the court discussed Appellant scoring no prison time and that “the Court would have to do a factual finding for an upward deviation,” and “the Court does have to have factual findings, which the Court, if it finds there is a legal and factual basis can do.” And finally, that “if the Court found there was a legal and factual basis to do so, the Court could” upwardly depart, and that “if the Court found there was both a legal and factual basis, it could do an upward deviation.” The court even stopped the proceedings to make Appellant’s counsel “double verify” that she discussed the matter with Appellant and everyone understood. Consistently and repeatedly, the court specifi *559 cally explained it would be making findings, it would be performing all further tasks, and it would be responsible, fully, for Appellant’s sentence and any deviation from the scoresheet.
Given this extensive baek-and-forth, acknowledgment of the specific sentencing statute at play and the need for factual findings, and the repeated, specific indications the court would be in control of making any factual findings necessary to deviate from the scoresheet, Appellant’s wilful continuation and agreement constitutes waiver. Not to mention, neither Appellant nor her counsel raised a concern over the subsequent two-plus months of proceedings. In sum, the judge told her there would be no trial and no jury— Appellant understood, acknowledged, and accepted this. The court did its part to inform Appellant of the situation and Appellant understood and knowingly accepted the judge as factfinder after discussion with the judge and counsel. Appellant validly waived any Apprendi/Blakely concern.
Appellant next contends that even if waived, the trial court’s factual finding Appellant “could present a danger to the public” was unsupported by the record. Again, we disagree. The record contains sufficient written findings, presented in the trial court’s order, to support the determination Appellant could present a danger to the public; thus, it was not error to deviate from the scoresheet range.
Accordingly, the trial court did not err by making the factual finding and her determination is supported by the record. We AFFIRM.
CLARK, WETHERELL, and RAY, JJ„ concur.

. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury”).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).