Gerber, J.
The defendant appeals from his convictions on Count 1, first degree murder with a firearm, and Count 2, burglary of an occupied dwelling while armed with a firearm. The defendant also appeals from his sentence on Count 2, a mandatory minimum twenty-five years in prison under section 775.087(2)(a), Florida Statutes (2013) (known as the 10-20-Life statute), on the ground that the indictment’s Count 2 failed to allege the defendant discharged a firearm causing death or great bodily harm.
We affirm without further discussion the defendant’s convictions on both counts. However, on the defendant’s appeal from his sentence on Count 2, the state properly concedes error. We write to explain the error.
The indictment’s Count 1 alleged, in pertinent part, that during the commission of first degree murder, “[the defendant] discharged a firearm or destructive device as defined in section 790.001, Florida Stat *929 utes, and, as a result of the discharge, death or great bodily harm was inflicted upon [the victim].... ” However, this phrase was missing from the indictment’s Count 2, which alleged, in pertinent part:
[The defendant] ... did knowingly enter or remain in a structure which is a dwelling, the property of [the victim], in which there was a human being at the time [the defendant] entered or remained in the dwelling, with intent to commit an offense therein, and was or became armed within the dwelling, with an explosive or dangerous weapon, and during the commission or attempt to commit any offense listed in Florida Statute 775.087(2)(a)l, [the defendant] actually possessed a firearm or destructive device as those terms are defined in section 790.001, Florida Statutes contrary to Florida Statutes 775.087(2)(a)l, 810.02(1), (2)(b) and (8). (1 DEG FEL, PBL).
Despite Count 2’s absence of the phrase alleging a firearm’s discharge causing death or great bodily harm, the verdict form’s section pertaining to Count 2 contained interrogatories regarding discharge and death or great bodily harm. The jury specifically found that the defendant, while committing burglary of an occupied dwelling, possessed a firearm, discharged a firearm, and caused great bodily harm to the victim.
Based on the jury’s findings on Count 2, the trial court sentenced the defendant to twenty-five years as a minimum mandatory sentence under the 10-20-Life statute, which states, in pertinent part:
Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.~q,, regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
§ 775.087(2)(a)3„ Fla. Stat. (2018).
The defendant failed to timely object to this sentence. However, after filing this appeal, the defendant filed a motion to correct sentencing error. The motion argued that the trial court could not sentence the defendant to the minimum mandatory twenty-five years in prison under the 10-20-Life statute because the indictment’s Count 2 failed to allege he discharged a firearm causing death or great bodily harm. Because the trial court did not enter an order on the motion within 60 days, the motion was deemed denied under Florida Rule of Criminal Procedure 3.800(b)(2)(B).
This appeal followed. Our review is de novo. See, e.g., Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005) (“The legality of a sentence is a question of law and is subject to de novo review.”).
To pursue an enhanced mandatory sentence as the 10-20-Life statute proscribes, the state must allege the grounds for enhancement in the charging document, and the jury must make factual findings regarding those grounds. Lane v. State, 996 So.2d 226, 227 (Fla. 4th DCA 2008). The state’s failure to allege grounds for enhancement in the charging document cannot be cured by a jury’s factual findings. Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002). The state also cannot rely on grounds alleged in one count to support an enhanced mandatory sentence on another count. Bryant v. State, 744 So.2d 1225, 1226 (Fla. 4th DCA 1999). Finally, if the state wishes to give notice of an enhancement by reference to a statute *930 in the charging document, the state must refer to the specific subsection which subjects the defendant to the enhanced sentence. Inmon v. State, 932 So.2d 518, 520 (Fla. 4th DCA 2006).
Here, as the state properly concedes, the trial court, on Count 2, erred in sentencing the defendant to a minimum mandatory twenty-five years in prison. The indictment’s Count 2 did not allege that the defendant discharged a firearm causing death or great bodily harm. As stated above, neither the jury’s specific findings nor the indictment’s Count 1 can cure this flaw. Nor can the general reference to the 10-20-Life statute in the indictment’s Count 2, because it did not cite the specific subsection, 775.087(2)(a)3, which subjected the defendant to the enhanced sentence.
However, the indictment’s Count 2 alleged that the defendant possessed a firearm, and the jury made this specific finding. Thus, the defendant remains subject to a minimum mandatory ten years in prison under the 10-20-Life statute, which states, in pertinent part:
Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for [an enumerated crime, including burglary] ... and during the commission of the offense, such person actually possessed a “firearm” or “destructive device” as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years....
§ 775.087(2)(a)l, Fla. Stat. (2013).
Based on the foregoing, we reverse the defendant’s sentence on Count 2, and remand for the trial court to correct the defendant’s sentence on Count 2 so that it reflects a sentence of twenty-five years in prison with a ten-year minimum mandatory sentence.

Convictions affirmed; reversed for correction of sentence on Count 2 only.

Warner and Kuntz, JJ., concur.