PER CURIAM.
Torrence Denegal appeals the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues the life sentence imposed against him on count two, aggravated battery with a firearm, pursuant to *843 section 775.087(2), Florida Statutes (2011), commonly referred to as the 10-20-Life law, is illegal. We agree.
Following a jury trial, Denegal was convicted of attempted first-degree murder with a firearm in count one and aggravated battery with a firearm in count two. As to both counts, the jury found Denegal actually possessed and discharged a firearm and inflicted great bodily harm on the victims. He was sentenced to serve two concurrent life sentences as a prison releasee reoffender (PRR) pursuant to the 10-20-Life statute. We address only his sentence in count two.
When a person is convicted of aggravated battery, and during the commission of the aggravated battery a firearm was involved, that person is subject to a minimum mandatory sentence. § 775.087(2)(a), Fla. Stat. (2011). Specifically, if the person "actually possessed" a firearm, the law requires that the person "shall be sentenced to a minimum term of imprisonment of 10 years," but if the person "discharged a 'firearm' ... and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a) 1., 3., Fla. Stat. (2011).
In order to seek an enhanced mandatory sentence under the 10-20-Life statute, "the state must allege the grounds for enhancement in the charging document." Bienaime v. State, 213 So.3d 927, 929 (Fla. 4th DCA 2017) (citing Lane v. State, 996 So.2d 226, 227 (Fla. 4th DCA 2008) ). The statutory elements for such enhancement must be "precisely charged" in the information. Lewis v. State, 177 So.3d 64, 65 (Fla. 2d DCA 2015) (quoting Davis v. State, 884 So.2d 1058, 1060 (Fla. 2d DCA 2004) ). "[I]f the state wishes to give notice of an enhancement by reference to a statute in the charging document, the state must refer to the specific subsection which subjects the defendant to the enhanced sentence." Bienaime, 213 So.3d at 929-30 (citing Inmon v. State, 932 So.2d 518, 520 (Fla. 4th DCA 2006) ). An information's failure to cite to the specific statutory subsection, while simultaneously failing to precisely charge the elements, "cannot be cured by a jury's factual findings." Id. at 929 (citing Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002) ). If the State wishes to give notice of an enhancement by reference to a statute in the charging document, the State must refer to the specific subsection that subjects the defendant to the enhanced sentence. See Inmon, 932 So.2d at 520.
Here, the information charged that Denegal:
COUNT II: IN THAT TORRENCE ALVIN DENEGAL on or about April 17, 2011, in the County of PUTNAM and State of Florida, while in possession of a firearm, did actually and intentionally touch or strike JOHNNIE SUE MOORE against the will of JOHNNIE SUE MOORE, and in doing so used a handgun, a firearm and deadly weapon, contrary to Florida Statutes 784.045(1)(a) 2. and 775.087(2). (2 DEG FEL).
The information does not allege that Denegal discharged the firearm, only that he used one. Possessing a firearm carries a different mandatory sentence than discharging a firearm. Thus, how the gun was used during commission of the crime is an essential element of the crime under the statute. Inmon, 932 So.2d at 518. Additionally, the information only charged Denegal with violating subsection 775.087(2), not subsection 775.087(2)(a)3., as would be required *844 to seek the enhancement. See Bienaime, 213 So.3d at 930.
Because the State failed to allege grounds for enhancement in the charging document and because the jury's specific finding cannot cure this defect, see id. at 929, we reverse the order of the trial court, vacate the sentence imposed on count two, aggravated battery, and remand for resentencing.[1]
REVERSED and REMANDED with Instructions.
ORFINGER, BERGER and HARRIS, JJ., concur.

Denegal did not challenge his designation as a prison releasee reoffender pursuant to section 775.082(9)(a), Florida Statutes (2011).