PER CURIAM.
Michael Espinoza appeals the postconviction court's order partially denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues the twenty-five-year minimum mandatory sentences imposed upon him pursuant to section 775.087(2), Florida Statutes (2003), commonly *344 referred to as the 10-20-Life law, are illegal. We agree.
Following a jury trial, Espinoza was convicted of aggravated battery (Count One) and aggravated assault (Count Two). In Count One, the jury found Espinoza guilty of "aggravated battery with a firearm or causing great bodily harm" and included a special verdict that Espinoza "did, possess and discharge a firearm causing great bodily harm." In Count Two, the jury found Espinoza guilty of "aggravated assault with a firearm" again with a special verdict that he "did, possess and display a firearm in the course of committing this crime." Because the postconviction court granted Espinoza relief on Count Two, we only address the twenty-five-year minimum mandatory sentence imposed on Count One for aggravated battery. Concluding the postconviction court should have granted relief on that count as well, we reverse.
When a person is convicted of aggravated battery, and during the commission of the aggravated battery a firearm was involved, that person is subject to a minimum mandatory sentence. § 775.087(2)(a), Fla. Stat. (2003). Specifically, if the person "actually possessed" a firearm, the law requires that they "shall be sentenced to a minimum term of imprisonment of 10 years," but if the person "discharged a 'firearm' ... and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a) 1., 3., Fla. Stat. (2003).
"To pursue an enhanced mandatory sentence as the 10-20-Life statute [prescribes], the state must allege the grounds for enhancement in the charging document." Bienaime v. State, 213 So.3d 927, 929 (Fla. 4th DCA 2017) (citing Lane v. State, 996 So.2d 226, 227 (Fla. 4th DCA 2008) ). The statutory elements for such enhancement must be "precisely charged" in the information. Lewis v. State, 177 So.3d 64, 65 (Fla. 2d DCA 2015) (quoting Davis v. State, 884 So.2d 1058, 1060 (Fla. 2d DCA 2004) ). "[I]f the state wishes to give notice of an enhancement by reference to a statute in the charging document, the state must refer to the specific subsection which subjects the defendant to the enhanced sentence." Bienaime, 213 So.3d at 929-30 (citing Inmon v. State, 932 So.2d 518, 520 (Fla. 4th DCA 2006) ). An information's failure to cite to the specific statutory subsection, while simultaneously failing to precisely charge the elements, "cannot be cured by a jury's factual findings." Id. at 929 (citing Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002) ).
Here, the information charged that Espinoza:
[i]n violation of Florida Statutes 784.045(1)(a) and 775.087(2), ... did actually and intentionally touch or strike [the victim] against the will of [the victim] and in the commission of said battery ... did use a firearm, a deadly weapon, or did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to [the victim], and in the course of committing said offense ... did actually possess a firearm.
(Emphasis added). The information does not allege that Espinoza discharged the firearm. It also does not allege that Espinoza used a firearm to commit bodily harm. Instead, the information charges aggravated battery in the alternative by alleging Espinoza used a firearm or knowingly caused great bodily harm, which suggests that any use of the firearm did not cause great bodily harm. Although the defect may have been cured by citation to *345 the specific subsection of the statute, here, the information charged Espinoza with violating subsection 775.087(2), not subsection 775.087(2)(a)3. as required. See Bienaime, 213 So.3d at 930.
Because the information was substantively defective in omitting a necessary element and failing to cite the specific statutory subsection, and because the jury's specific finding cannot cure this defect, see id. at 929, we reverse the order of the trial court, vacate the sentence imposed on Count One, aggravated battery, and remand with instructions to impose a ten-year minimum mandatory on that count. See § 775.087(2)(a) 1., Fla. Stat. (2003).
REVERSED and REMANDED, with Instructions.
BERGER, EISNAUGLE and GROSSHANS, JJ., concur.