NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MARK AGENOR, DOC #H50722,  )
  )
  Appellant,  )
  )
v.  )  Case No. 2D17-3759
  )
STATE OF FLORIDA,  )
  )
  Appellee.  )
_____ )

Opinion filed March 27, 2019.

Appeal from the Circuit Court for Polk
County; James A. Yancey, Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

    Mark Agenor appeals the judgments and sentences entered following his

nolo contendere pleas to ten charges in three different circuit court cases. Following

independent review of the record pursuant to Anders v. California, 386 U.S. 738 (1967),

we ordered supplemental briefing addressing whether the trial court erred in imposing

on six of those sentences a mandatory minimum term of ten years' imprisonment pursuant to section 775.087(2)(a)(1), Florida Statutes (2015), for possessing a firearm or destructive device. With the benefit of that briefing, we now reverse the mandatory minimum provisions on those six sentences.

In pertinent part, the State charged Agenor with three counts of robbery with a deadly weapon, see § 812.13, Fla. Stat. (2015);[1] one count of attempted robbery with a deadly weapon, see §§ 812.13, 777.04, Fla. Stat. (2015); one count of burglary of a conveyance with "an air pistol or BB gun, a dangerous weapon or explosive," see § 810.02, Fla. Stat. (2015); and one count of attempted burglary of a conveyance "with a deadly weapon,"[2] see §§ 810.02, 775.087, 777.04, Fla. Stat. (2015). Agenor pleaded nolo contendere to those charges and to four other charges pursuant to a plea agreement, but the parties did not agree to a particular sentence. At sentencing, the trial court imposed ten-year mandatory minimum terms of imprisonment on the six counts specified above pursuant to section 775.087(2)(a)(1), the "10/20/life" statute.

As the State appropriately concedes, this was error. To pursue an enhanced mandatory minimum sentence under the 10/20/life statute, "the [S]tate must allege the grounds for enhancement in the charging document, and the jury must make factual findings regarding those grounds." Bienaime v. State, 213 So. 3d 927, 929 (Fla. 4th DCA 2017) (citing Lane v. State, 996 So. 2d 226, 227 (Fla. 4th DCA 2008)). A ten-year mandatory minimum sentence under that statute, therefore, requires that the State

---

[1]The State only generally cited the applicable statutes and did not identify the subsections on which it relied.

[2]The burglary statute uses the term "dangerous weapon," not "deadly weapon." See generally § 810.02.

plead and prove beyond a reasonable doubt—or, in the case of a guilty or nolo contendere plea, that the defendant stipulate—that the defendant actually possessed a " 'firearm' or 'destructive device.' " § 775.087(2)(a)(1); see Murray v. State, 133 So. 3d 557, 558 (Fla. 1st DCA 2014) ("In the context of plea deals, 'the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.' " (quoting Blakely v. Washington, 542 U.S. 296, 310 (2004))).

The State, however, did not allege a firearm in connection with any of the charges:  it alleged a "deadly weapon" or "dangerous weapon," and although a firearm may qualify as a deadly or dangerous weapon, not all deadly or dangerous weapons are firearms.  Cf. Reeder v. State, 399 So. 2d 445, 446 (Fla. 5th DCA 1981) ("The jury could have found that an assault occurred and that the pistol or object used constituted a deadly weapon but that the State failed to prove beyond a reasonable doubt that the pistol met the statutory definition of a 'firearm.' ").  In addition, although the attempted-burglary-of-a-conveyance charge generally cited section 775.087, that general citation was insufficient to notify Agenor of the potential applicability of section 775.087(2)(a)'s ten-year mandatory minimum sentence to that charge or to any other charge.[3]  See Bienaime, 213 So. 3d at 929-30 ("The [S]tate also cannot rely on grounds alleged in one count to support an enhanced mandatory sentence on another count.  Finally, if the [S]tate wishes to give notice of an enhancement by reference to a statute in the charging document, the [S]tate must refer to the specific subsection which subjects the

---

[3]And, in fact, a defendant who possesses a firearm or destructive device during the commission of a burglary of a conveyance is subject to a three-year, not a ten-year, mandatory minimum sentence.  See § 775.087(2)(a)(1).

defendant to the enhanced sentence." (citation omitted) (first citing Bryant v. State, 744 So. 2d 1225, 1226 (Fla. 4th DCA 1999); then citing Inmon v. State, 932 So. 2d 518, 520 (Fla. 4th DCA 2006))).

The only specific allegation of a weapon was included in the charge of burglary of a conveyance with a dangerous weapon or explosive, and the weapon alleged was "an air pistol or BB gun." There is no question that a BB gun can qualify as a deadly or dangerous weapon[4] supporting felony reclassification under section 775.087(1). See, e.g., Dale v. State, 703 So. 2d 1045, 1046-47 (Fla. 1997); Mitchell v. State, 698 So. 2d 555, 558 (Fla. 2d DCA), approved, 703 So. 2d 1062 (Fla. 1997); Santiago v. State, 900 So. 2d 710, 711 (Fla. 3d DCA 2005). But a BB gun cannot qualify as a "firearm" for purposes of imposing a mandatory minimum sentence under the 10/20/life statute. Coley v. State, 801 So. 2d 205, 206 (Fla. 2d DCA 2001) ("Mitchell explicitly holds that a BB gun does not fit the definition of a firearm."). Thus, none of the charges supported the trial court's imposition of ten-year mandatory minimum sentences.

Moreover, as part of his nolo contendere pleas, Agenor did not stipulate either to his possession of a firearm or to the applicability of the 10/20/life statute. Agenor's plea form included no factual basis for the pleas, and the provision acknowledging the possibility of sentencing "as 10/20/L" is not checked off. Cf. Ibarra v. State, 45 So. 3d 911, 912 (Fla. 4th DCA 2010) (rejecting Ibarra's challenge to the firearm mandatory minimum based on his assertion that his offense had involved only a

---

[4]We have recognized that "deadly" and "dangerous" are used interchangeably in this context. See Mitchell v. State, 698 So. 2d 555, 560 & n.6 (Fla. 2d DCA 1997).

- 4 -

BB gun because, among other things, "[t]he plea form that appellant signed advised him that his plea would subject him to a ten-year mandatory minimum sentence").  At the plea hearing, the court recited the charges consistently with the charges set forth in the charging documents, which did not allege a "firearm"; did not inform Agenor of any potential mandatory minimum sentence; and requested neither that the State proffer nor that Agenor stipulate to any factual basis for the pleas, let alone a factual basis establishing Agenor's possession of a firearm.  Cf. id. ("The trial court advised appellant during the plea colloquy that he would receive a ten-year mandatory minimum if the court declined to sentence him as a youthful offender.  Appellant did not object to the factual basis recited by the State which alleged that appellant wielded a 'firearm' during the offense."); Bradley v. State, 971 So. 2d 957, 959 (Fla. 5th DCA 2007) (rejecting Bradley's challenge to the firearm mandatory minimum because he had "stipulat[ed] to the facts alleged in the complaint affidavit (which stated that he had discharged a firearm during the commission of the robbery)" when entering his plea), approved, 3 So. 3d 1168 (Fla. 2009).  Moreover, we note that at the sentencing hearing, the parties and the court were all in accord that the offenses had involved only BB guns, not firearms.

Accordingly, we affirm the judgments of conviction on all ten offenses and affirm four of Agenor's sentences, but we reverse the six sentences discussed herein to the extent that we remand for the trial court to strike the ten-year mandatory minimum terms of imprisonment on those six sentences.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and VILLANTI, JJ., Concur.