IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEANDREW T. SCOTT,

      Appellant,

v.

                              Case No.  5D22-478
                              LT Case No. 2014-CF-005144-A-O

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 4, 2022

3.850 Appeal from the Circuit Court
for Orange County,
Elaine A. Barbour, Judge.

Rachael E. Reese, of O'Brien
Hatfield Reese, P.A., Tampa,
for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney
General, Daytona Beach, for
Appellee.


WOZNIAK, J.

      Appellant Deandrew Scott appeals the postconviction court's summary

denial of his motion seeking postconviction relief pursuant to Florida Rule of

Criminal Procedure 3.850. The motion asserted ten grounds of ineffective assistance of counsel. We affirm without comment the summary denial of all but grounds four and six. We reverse the summary denial of ground four for an evidentiary hearing or attachment of portions of the record conclusively showing Appellant is not entitled to relief and affirm ground six based on the analysis below.

Because of his role in a 2014 attack on the occupants of a home, Appellant was charged with, and convicted of, the first-degree murder of Earnest Joseph and the attempted second-degree murder of Kevin Moses. Appellant was sentenced to life imprisonment with a 25-year minimum mandatory term for the first-degree murder conviction and a consecutive 30-year term of incarceration for the attempted second-degree murder conviction. His direct appeal was affirmed. Scott v. State, 175 So. 3d 811 (Fla. 5th DCA 2015). He now seeks postconviction relief.

In ground four of his rule 3.850 motion, Appellant asserts that his trial counsel was ineffective for failing to argue that the attempted second-degree murder count (Count II) charged in the Indictment was improperly reclassified, without notice to him, when the jury was given a special verdict form that allowed it to find that Appellant "did personally carry, display, use, threaten to use, or attempt to use a firearm." Appellant argues that because

2

he was not charged with carrying, using, threatening to use, or attempting to use the firearm, the special verdict violated his due process rights, and his trial counsel should have objected. Had counsel done so, his sentence would not have been enhanced, and the maximum sentence he could have received on this count would have been fifteen years in prison. The State denies Appellant's allegation but offers no legal argument in support.

We review Appellant's claim for legal sufficiency and a determination as to whether it is refuted by the record. See Queen v. State, 322 So. 3d 226, 227 n.1 (Fla. 5th DCA 2021) (observing that, in summary denial cases, "we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record" and "must examine each claim to determine if it is legally sufficient, and, if so, determine whether or not the claim is refuted by the record" (quoting Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000))). Our review shows Appellant's claim was legally sufficient and unrefuted by the record, as we next explain.

We begin our analysis with the observation that, as Appellant argues, there is a discrepancy between the language of the Indictment[1] and that of

---

[1] We have taken judicial notice of our records to view the Indictment, as it was not attached to the order summarily denying relief but is contained in the record from Appellant's plenary appeal. The absence of any attachments refuting Appellant's legally sufficient claim requires reversal. See O'Callaghan v. State, 461 So. 2d 1354 (Fla. 1984) (holding that when a

3

the special verdict form. Specifically, Count II of the Indictment charged Appellant with the "attempted second-degree murder (with a firearm) (F1-L10)" of Mr. Moses. It alleged that Appellant "by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, attempt[ed] to kill [Mr. Moses], by aiding, abetting, counseling, or otherwise procuring other individuals driven to the scene by [Appellant] to discharge a firearm." The jury found him guilty of Count II "as charged in the Indictment." In the special verdict form, though, the jury found "beyond a reasonable doubt that during the commission of the crime, [Appellant] did personally carry, display, use, threaten to use, or attempt to use a firearm."

Appellant, although charged with a second-degree felony, was found guilty of a first-degree felony. For that to have occurred, the second-degree felony of attempted second-degree murder had to have been reclassified due to the firearm.[2] Reclassification must occur within strict parameters.

_____

postconviction claim is properly raised, defendant is entitled to evidentiary hearing unless record conclusively shows no entitlement to relief).

[2] Second-degree murder is a first-degree felony. § 782.04(2), Fla. Stat. (2014). The offense of criminal attempt is ranked one level below the completed offense. § 777.04(4)(a), Fla. Stat. (2014). Thus, before reclassification, Appellant's charge was that of a second-degree felony. The State then appears to have pursued reclassification due to the firearm, which, if properly done, would have reclassified the second-degree felony to a first-degree felony. See § 775.087(1), Fla. Stat. (2014) ("[W]henever a person is charged with a felony . . . and during the commission of such felony

4

The proper pursuit of an enhanced mandatory sentence requires that the State "allege the grounds for enhancement in the charging document, and the jury must make factual findings regarding those grounds." Bienaime v. State, 213 So. 3d 927, 929 (Fla. 4th DCA 2017) (citation omitted). This principle also applies to reclassification under section 775.087(1). See, e.g., Green v. State, 18 So. 3d 656 (Fla. 2d DCA 2009). Importantly, a jury's finding is not sufficient to support reclassification in the absence of proper language in the Indictment. See Bienaime, 213 So. 3d at 929 ("The state's failure to allege grounds for enhancement in the charging document cannot be cured by a jury's factual findings." (citation omitted)). This is the point where it appears the reclassification effort may have run aground—a factual matter to be determined by the postconviction court on remand along with consideration of trial counsel's effectiveness in addressing the matter. Thus, we reverse the summary denial of ground four and remand to the postconviction court to address it on its merits at an evidentiary hearing or to attach portions of the record conclusively showing Appellant is not entitled to relief on this claim. See O'Callaghan v. State, 461 So. 2d 1354 (Fla. 1984)

the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm . . . the felony for which the person is charged shall be reclassified . . . in the case of a felony of the second degree, to a felony of the first degree.").

5

(holding that when a postconviction claim is properly raised, defendant is entitled to evidentiary hearing unless record conclusively shows no entitlement to relief).

We turn now to ground six, in which Appellant argues that his trial counsel was ineffective for misadvising about his right to testify and not preparing him to testify. According to Appellant, he was not present when the shooting occurred and informed his attorney of such, yet his counsel advised him not to testify anyway, telling him that if he were to testify, his criminal history would be presented. Appellant "understood this to mean that the substance of his prior offenses would be learned by the jury if he testified," and his attorney never corrected that belief. He alleged that if he had testified, the outcome of the case would have been different because he would have told the jury that he was at home while the crimes were being committed. He noted that one of his roommates, Anthony Johnson, was home with him at the time, but Mr. Johnson refused to testify at Appellant's trial by pleading the Fifth, so Appellant had no way of presenting this alibi defense other than by testifying himself.

In order to waive the right to testify, "a defendant must make a knowing, voluntary, and intelligent waiver." Morris v. State, 931 So. 2d 821, 833 (Fla. 2006) (citation omitted). "[M]isadvice concerning the decision of a criminal

6

defendant whether or not to testify in his own defense [raises] a potentially colorable basis for finding ineffective assistance of counsel." Loudermilk v. State, 106 So. 3d 959, 961 (Fla. 4th DCA 2013) (citation omitted). Conversely though, when a defendant misunderstands his attorney's advice, his claim fails the first Strickland[3] prong. State v. Taylor, 738 So. 2d 988 (Fla. 2d DCA 1999); see also Demontalvo v. Dixon, Case No. 3:20-cv-5948-MCR/MJF, 2022 WL 2820755, *9 (N.D. Fla. May 13, 2022). Hence, when a defendant alleges that his trial counsel advised him that his prior convictions would "come up," and the defendant misunderstands that to mean that the "exact nature of his offenses would be presented to the jury," the defendant's postconviction claim fails the first Strickland prong. Messer v. McNeil, No. 3:07-cv-177/MCR/EMT, 2008 WL 754667, *7–*9 (N.D. Fla. 2008). Under such circumstances, a defendant "fail[s] to show that counsel deprived him of the ability to knowingly decide whether or not to testify . . . ." Id. at *9.

Here, the fatal flaw in Appellant's claim is that, unlike in Loudermilk, he does not allege that his trial counsel misadvised him about the State's ability

---

[3] Strickland v. Washington, 466 U.S. 668 (1984) (holding that for ineffective assistance of counsel claim to be successful, claimant must first identify the act or omission that is shown to be outside the broad range of reasonably competent performance, and second, the claimant must demonstrate that this substantial deficiency so affected the fairness and reliability of the trial that it undermines confidence in its outcome).

to introduce evidence of his prior record. Rather, his claim is that he misunderstood counsel's advice, making his claim far more similar to Taylor, Demontalvo, and Messer. Messer in particular involved an identical claim. Both in Messer and here, the defendants alleged that their trial attorneys advised them that the State could bring in evidence of their prior criminal history, and both defendants wrongly interpreted that to mean that the State could present the underlying facts of those cases. Id. at *4, *7. The Messer court held that this claim failed the first Strickland prong since the defendant failed to demonstrate any deficient performance on the part of his attorney. Id. at *9. We agree with the sound logic of Messer and hold that because Appellant failed to allege that his attorney incorrectly advised him, his claim fails the first Strickland prong. Accordingly, the postconviction court's summary denial of ground six is affirmed.

AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.


COHEN and SASSO, JJ., concur.

8